Ronald Dean MURRAY, and Danny Lee Grizzle, Appellants,

v.

The STATE of Oklahoma, Appellee.

Nos. F–74–182 and F–74–218.

Court of Criminal Appeals of Oklahoma.

Nov. 18, 1974.

Rehearings Denied Dec. 4, 1974.

Don Anderson, Public Defender, Oklahoma County, Okl., for appellant Murray.

Bulla & Horning, Oklahoma City, Okl., for appellant Grizzle.

Larry Derryberry, Atty. Gen., Kenneth L. Delawhaw, Jr., Michael Jackson, Asst. Attys. Gen., Jeanette Haag, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellants, Ronald Dean Murray and Danny Lee Grizzle, hereinafter referred to as defendants, were charged and tried in the District Court, Oklahoma County, Case No. CRF–73–2426, for the offense of Murder in the First Degree. They were convicted for the offense of Murder in the Second Degree and their punishment was fixed at a term of not less than ten (10) years, nor more than Life imprisonment, and from said judgments and sentences timely appeals have been perfected to this Court.

Since these two defendants were tried together, and the results of both appeals are the same, we are consolidating the two appeals in this one Opinion.

We do not deem it necessary to recite the facts in this case due to the ultimate conclusion reached herein.

The defendants both contend that the trial court erred in refusing to grant their Motion for Severance. The granting or denying of a Motion for Severance is a discretionary matter with the trial court and this Court will not disturb the trial court's ruling, absent a showing that prejudice resulted therein. See Curcie v. State, Okl.Cr., 496 P.2d 387 (1972). However, in the instant case the respective defenses of

Grizzle and Murray were mutually antagonistic. Grizzle's testimony and confession were such that only Murray could have done the shooting, while Murray's testimony and confession were such that only Grizzle could have done it.

Denial of a severance in the instant case resulted in pitting defendant against co-defendant. To try both together was, in effect, to try each on the confession of the other. The Illinois Supreme Court in the case of People v. Braune, 363 Ill. 551, 2 N. E.2d 839 (1936), recognized this situation where defense of co-defendants was mutually antagonistic, each exculpating himself and inculpating the other:

> "The trial was in many respects more of a contest between the defendants than between the people and the defendants. It produced a spectacle where the people frequently stood by and witnessed a combat in which the defendants attempted to destroy each other. Any set of circumstances which is sufficient to deprive a defendant of a fair trial if tried jointly with another is sufficient to require a separate trial."

Generally this Court, in the past, has held that any error created by reason of admitted confessions of a co-defendant which implicates the defendant is cured when the co-defendant takes the stand and is subject to cross-examination. In the instant case, it is our opinion, that both defendants had no alternative except to take the stand and defend himself against the other's confession blaming the killing on each other.

Each defendant was entitled to a separate trial and had it been granted, each could have exercised nine (9) peremptory challenges, as permitted by 22 O.S.1971, § 655. The severance having been denied, the court then limited each defendant to five (5) challenges, thereby denying each of his rights under said section.

■ The Constitution guarantees to every person accused of a crime, whether innocent or guilty, a fair and impartial trial and no person should be condemned who has been deprived over his objections to such a trial. Under ordinary circumstances where two parties are accused of the same crime, it is the interest of both justice and economy that they should be tried together, but under the circumstances of this case, it is our opinion that the trial court's denial of a severance was an abuse of discretion and all proceedings from the denial of the defendants' Motion for Severance was a nullity from that point forward.

■ From a review of the record we further find that the trial court instructed the jury on the offense of Murder in the Second Degree, this being the crime for which the defendants were convicted. It is our opinion, and we so hold, that the evidence in this case did not warrant a Second Degree Murder instruction. The evidence presented was that there was an armed robbery and a homicide. Under this evidence the defendants were either guilty of Murder in the First Degree, or nothing. The provisions of 21 O.S.1973 Supp., § 701.3 are as follows:

> "Every person convicted of murder in the first degree shall suffer death. In the case of a jury trial, the jury shall determine only whether the defendant is guilty or not guilty of murder in the first degree and upon a finding of guilty shall so indicate on their verdict and state affirmatively in their verdict that the defendant shall suffer death. In a case where a jury trial is waived, and the case is tried to the court, or upon a plea of guilty to the court, upon a finding by the court that the defendant is guilty of murder in the first degree, the court shall enter a judgment and sentence of death. In a jury trial for murder in the first degree, *nothing in this section shall preclude the trial judge from instructing the jury regarding lesser and included offenses and lesser degrees of homicide If The Evidence Warrants Such Instructions; but in every instance where an instruction authorizes the jury to consider lesser and included offenses and lesser degrees of homicide, the judge shall state into the*

*record his reasons for giving the instruction based upon the evidence adduced at trial."* [Emphasis added].

Therefore, on a retrial of this matter, the trial court should not instruct the jury on the offense of Murder in the Second Degree.

For the foregoing reasons, it is our opinion, that the judgments and sentences appealed from should be, and the same are hereby, reversed and remanded with directions to grant a severance and a new trial for each defendant on the charge of Murder in the First Degree. Reversed and remanded with instructions.

BLISS, P. J., concurs.

BRETT, J., concurs in result.