**Robert Udell HAYNES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–548.**

Court of Criminal Appeals of Oklahoma.

March 17, 1975.

Rehearing Denied March 31, 1975.

Robert B. Smith and Garland Bloodworth, Miskovsky, Sullivan & Miskovsky, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Byron L. Wilhite, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

The appellant, Robert Udell Haynes, hereinafter referred to as defendant, was charged conjointly with Roy Eugene Williams and William M. Thompson in the District Court of Oklahoma County with the crime of Grand Larceny, case number CRF–73–3239. Thompson was granted a severance and the defendant and Williams were ordered to stand trial conjointly. The jury returned a verdict of guilty and punishment was assessed at three (3) years imprisonment in the State Penitentiary. From a judgment and sentence in conformance with said verdict the defendant has perfected his timely appeal.

Briefly stated the evidence adduced at trial is as follows: Gene Maitlen testified that he was the owner of a certain Lowboy truck trailer and that when he left work on November 8, 1973, the trailer was parked next door to his place of business at 1700 South May. At approximately 1:00 a. m. he was advised that his trailer had been stolen. He was not acquainted with the defendants in the case and had not given them permission to take the trailer.

William Thompson testified that he was a co-defendant and that no promises had been made to him with regard to his testimony and that he was represented by counsel and had not been coerced. He testified that after a call from the defendant on the 8th of November, he, the defendant and co-defendant Williams drove by the parked

trailer. Haynes told the witness that he was to pull the trailer to Edmond, where Haynes and Williams would meet him. From Edmond they were to pull the trailer loaded with equipment to Missouri. Thompson and Williams took Thompson's tractor to where the trailer was parked and Williams assisted Thompson in hooking up the trailer. Thompson then proceeded on his way alone to Edmond where he was stopped by Deputy Higginbotham and placed under arrest. He testified that defendant had agreed to pay him for moving the trailer and that he thought the defendant owned the trailer. The witness then testified that he was employed by the Oklahoma City Fire Department and that he purchased his tractor to engage in part-time hauling work.

O. E. Higginbotham, Oklahoma County Deputy Sheriff, testified that on the evening of November 8, 1973, he had occasion to be in the vicinity of May Avenue and observed the meeting between Thompson, Williams and the defendant. He observed Thompson get out of his truck tractor and into a car with the defendant and Williams. The three proceeded South on May Avenue and a few minutes later returned to Thompson's tractor. Williams and Thompson drove the tractor to where the trailer was parked and Haynes followed them and parked approximately a block away. After Thompson and Williams hooked the trailer to the tractor, Thompson drove the truck North on May Avenue. Williams walked across the vacant lot and got in the car with Haynes. Moments later Higginbotham placed Haynes and Williams under arrest. The witness testified that he never actually saw the defendant on the lot where the trailer was parked.

The defendant's sole proposition in error urges that the trial court committed reversible error in failing to grant defendant's motion for severance from the co-defendant Williams. In support of his contention the defendant argues that he was deprived of his right to a fair trial when Thompson was granted a severance, but defendant and Williams were not. Defendant urges that the Thompson severance was granted with the approval of the State as a portion of a "deal" wherein Thompson would testify in exchange for a subsequent dismissal. Defendant further argues that since he and Williams both had prior criminal records the failure to grant a severance deprived him of the right to call Williams as a witness to rebut the testimony of Thompson. As authority, the defendant cites the recent case of Murray v. State, Okl.Cr., 528 P.2d 739. However, *Murray* is distinguishable from the instant case since it involves two defendants whose defenses were mutually antagonistic for the reason that the testimony and confession of each was such that only the other could have committed the crime. In the instant case neither the defendant nor Williams had confessed, nor is there an evident mutual antagonism between their defenses.

The granting or denying of a motion for severance is a discretionary matter with the trial court and this Court will not disturb the trial court's ruling, absent a showing of prejudice resulting therein. Curcie v. State, Okl.Cr., 496 P.2d 387. In the instant case there is nothing in the record to reflect that either the defendant or Williams had prior criminal records or that Williams, had a severance been granted, would have testified on behalf of the defendant. The testimony of Thompson and the subsequent dismissal of the charges against him are consistent with, and infer that, the prosecuting attorney believed Thompson's testimony and that justice would not be served by prosecuting him further.

For all the reasons set out above it is the opinion of this Court that the trial court did not abuse its discretion in refusing to grant the severance. The defendant received a fair and impartial trial and no substantial right was prejudiced. The judgment and sentence appealed from is affirmed.

BRETT, P. J., and BUSSEY, J., concur.