Ramos Roger **FRANCIS** and Chester **McDonald, Appellants,**

v.

The **STATE** of Oklahoma, Appellee.

No. F–76–325.

Court of Criminal Appeals of Oklahoma.

Oct. 4, 1976.

J. Leo Troy, Jr., McAlester, for appellants.

Larry Derryberry, Atty. Gen., Kay Karen Kennedy, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellants, Ramos Roger Francis and Chester McDonald, hereinafter referred to as defendant Francis and defendant McDonald, were charged, tried and convicted in the District Court, Pittsburg County, Case No. F–75–159 for the offense of Injuring a Public Building, After a Former Conviction of a Felony, in violation of 21 O.S.1971, § 349. Their punishment was fixed at ten years' imprisonment and from said judgments and sentences a timely appeal has been perfected to this Court.

At the trial Robert Mayrhoten testified that on March 21, 1975, he was employed as a correctional officer at the Oklahoma State Penitentiary. He testified that defendants Francis and McDonald were co-occupants of a single cell, and that he inspected the cell shortly before noon and found that it was in normal condition. At approximately 2:00 p. m., a disturbance occurred on the cell run. He observed the defendants' cell and found that the sink and pipe had been torn loose from the walls.

Charles Bowling testified that he was employed as a correctional officer at the Oklahoma State Penitentiary. His testimony did not differ substantially from the testimony of witness Mayrhoten.

Albert Schons testified that he was employed at the Oklahoma State Penitentiary as the Security Major on the afternoon in question. He was called to the fifth floor run at approximately 1:00 p. m. and observed the defendant McDonald standing with a pipe in his hand. Defendant Francis was in the back of the cell by the com-

mode. He heard a noise coming from that location.

■ The first assignment of error is that "the defendants were denied their right to production of witnesses to testify in their behalf in spite of the fact that the defendants had subpoenaed witnesses in accordance with the statutes of Oklahoma." The record reflects that the day preceding the trial the defendants filed an application for an order which would require the warden of the Oklahoma State Penitentiary to produce in court six inmates to testify on behalf of the defendants. Upon hearing the application, the trial court requested the defendants to relate the substance of the witnesses' testimony as to its materiality and admissibility. The defendants respectively declined to make such a showing. The defendants argue that they had a constitutional right to the production of the witnesses and that the request by the court to show the materiality of the testimony was contra to their constitutional rights. In dealing with an identical assignment of error, in *Crutchfield v. State,* Okl.Cr., 553 P.2d 504, (1976) we stated:

> "We are of the opinion that the trial court's ruling was proper. To hold otherwise would totally destroy the orderly administration of justice. In 97 C.J.S. Witnesses § 30, it is stated:
>
> " 'In order to procure the issuance of a writ of habeas corpus ad testificandum, it is necessary to make an application therefor to the court or judge, and strict proof of the materiality of the testimony, and of the necessity of the attendance of the prisoner as a witness, is required, before the court may order issuance of the writ. It is within the discretion of the court to grant or refuse the writ, and abuse of the process should not be permitted; but if it appears that the application is in good faith and the testimony is material and important, the application for the writ should be granted. (footnotes omitted)' "

■ The second assignment of error is that the trial court erred in denying the defendants request for a change of venue. We have carefully examined the voir dire examination and find no indication that any juror had a fixed opinion of the defendants' guilt or any showing that the defendants could not receive a fair trial in Pittsburg County. We have previously held that the granting of a change of venue is discretionary with the trial court and this Court will not reverse a ruling of the trial court unless it is clearly made to appear that there has been an abuse of discretion. *Fesmire v. State,* Okl.Cr., 456 P.2d 573. We therefore find this assignment of error to be without merit.

■ The defendants next contend that they were charged under an improper information in that provisions of 21 O.S. 1971, § 349, which enhanced their punishments. The defendants argue that they should have been charged under the provisions. of 21 O.S.1971, § 1786. In dealing with an identical assignment of error in *Crutchfield,* supra, we stated:

> "We further observe that 21 O.S.1971, § 11, provides:
>
> " 'If there be in any other chapter of the laws of this state a provision making any specific act or omission criminal and providing the punishment therefor, and there be in this penal code any provision or section making the same act or omission a criminal offense or prescribing the punishment therefor, that offense and the punishment thereof, shall be governed by the special provisions made in relation thereto, and not by the provisions of this penal code. *But an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions,* except that in cases specified in §§ 51 and 54, the punishments therein prescribed are substituted for those prescribed for a first offense, but in no case can he be punished under more than one; and an acquittal or conviction and sentence under either one, bars the prosecution for the same act or

omission under any other. (Emphasis added.)'

"We, therefore, conclude that the defendant was properly charged under the provisions of 21 O.S.1971, § 349. See *Fothergill v. State,* Okl.Cr., 509 P.2d 157 (1973) and *Robertson v. State,* Okl.Cr., 503 P.2d 896 (1972)."

The defendants. assert as their fourth assignment of error that they were prejudiced by the fact that certain jurors had sat on previous cases of the same type and nature. The defendants do not support this assignment of error with the citation of authority. We have repeatedly held that the defendants must not only assert error but must support his assertions by argument and citation of authority. When this is not done and it is apparent that the defendant has been deprived of no fundamental rights, the Court of Criminal Appeals will not search the books for authorities to support assertions that the trial court erred. *Sandefur v. State,* Okl.Cr., 461 P.2d 954.

The defendants finally contend that the trial court erred by overruling their motion for a severance. We need only observe that the defendants totally failed to file affidavits or to present supporting evidence to show the trial court how a joint trial would prejudice them. In overruling the motion for a severance, the trial court specifically found that there had been no showing of antagonistic defenses. We have previously held that the denial of a severance was not an abuse of discretion absent a showing by either affidavits or supporting evidence that a joint trial would be prejudicial. See, *Brumbelow v. State,* Okl.Cr., 488 P.2d 1298 (1971).

In conclusion, we observe that the record is free of any error which would cause reversal or justify modification. The judgments and sentences are accordingly *AFFIRMED.*

BRETT, P. J., and BLISS, J., concur.