**Victor Dean TATE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-82-372.**

Court of Criminal Appeals of Oklahoma.

May 20, 1983.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Crim. Div., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, Victor Dean Tate, was convicted in Pottawatomie County District Court, Case No. CRF–81–59, of two counts of Manslaughter in the First Degree, was sentenced to four (4) years' imprisonment on each count to run concurrently with each other, and he appeals.

Briefly stated, the pertinent facts of this case are that at about 8:20 P.M., on February 27, 1981, an automobile driven by the appellant collided with a Kawasaki KZ 400 motorcycle driven by Jimmy Rogers, with Scott Carter and Carl White as passengers. Although the appellant testified that he was in his lane of traffic when the collision

occurred on the rainy evening, he was unable to explain how his vehicle came to rest on the left hand side of the highway. The motorcycle was sideswiped on the left side, all three riders lost their left legs and only Rogers survived.

The highway patrol trooper who investigated the accident scene testified that, in his opinion, the point of impact was in the motorcycle's lane of traffic. Further, a forensic chemist for the State testified that the results of a chemical test performed on a sample of the appellant's blood, which had been taken from him at 11:24 P.M., showed that he had an alcohol level of .14% weight per volume.

### I.

■■■ In one of his assignments of error, Tate argues that the trial court erred by refusing to grant his oral motion for a continuance, so that defense counsel could talk to a witness who had allegedly agreed to testify. We note that no affidavit for continuance was filed; thus the request was rendered fatally defective. See, *Wright v. State,* 505 P.2d 507 (Okl.Cr.1973). Further, the record reveals that the defense announced ready for trial and not until the fourth day of trial did the defense seek a recess to interview the prospective witness, to find out what her testimony would be and determine if it would be offered. A motion for a continuance is addressed to the sound discretion of the trial judge and the ruling thereon will not be disturbed on appeal unless an abuse of discretion is apparent. Under the circumstances, we do not find that the trial court's decision was an abuse of discretion. See, *McFarland v. State,* 648 P.2d 1248 (Okl.Cr.1982), and cases cited therein; also see, *Pannell v. State,* 640 P.2d 568 (Okl.Cr.1982), and cases cited therein.

### II.

■■■ In another assignment of error, the appellant alleges that the trial court committed reversible error by failing to exclude the State's evidence of the blood-alcohol content of the appellant, because the arresting officer failed to seal the appellant's sample, which resulted in his evidence being less believable. We do not agree. Highway Patrol Trooper Mark Tate testified that he caused two blood samples to be obtained from the appellant, that he advised the appellant that he "had a seal for his tube and he [the appellant] didn't want it, so it was returned to the kit." The appellant thus waived the sealing of his sample. Further, the results of the test performed upon the State's exhibit were admissible, as even "the failure or inability to obtain an additional test by a person shall not preclude the admission of the test or tests taken at the direction of a law enforcement officer." 47 O.S.1981, § 752; see also, *Foy v. State,* 533 P.2d 634 (Okl.Cr. 1974). This assignment of error is without merit.

### III.

■■■ Additionally, the appellant maintains that remarks made by the prosecutor during closing argument were outside the scope of evidence offered at trial, and were made solely to appeal to the passions and prejudices of the jury. Since a contemporaneous objection was interposed to only one of the two complained of comments, we will address only that remark to which an objection was made, as the unobjected to comment has not been preserved for our review. See, *Simpson v. State,* 642 P.2d 272 (Okl.Cr.1982). The record reveals that when the defense counsel objected to the prosecutorial remark, because there was no testimony that the appellant was smiling while the bodies were being transported, the trial court admonished the jury to "go by the evidence that you've heard in this case." We are of the opinion that the admonishment cured any error which occurred. See, *Brown v. State,* 650 P.2d 50 (Okl.Cr.1982). This assignment of error is without merit.

### IV.

■■■ Appellant also contends that the trial court erred by refusing to give requested instructions, which dealt with the fact that

at the time of the collision the motorcycle was not equipped with a windshield, the driver was not wearing goggles or a face shield and he was carrying two passengers instead of the single passenger allowed by statute. The requested instructions were couched in statutory language and were admittedly violated by Rogers. Instructions given to the jury are left to the sound discretion of the trial court, and this Court will not reverse a jury conviction where the instructions viewed as a whole, fairly and accurately state the applicable law in conformity with constitutional mandate. See for instance, *Campbell v. State,* 636 P.2d 352 (Okl.Cr.1981).

A review of the record reveals that the trial court's Instruction Number 16 substantially set forth the appellant's theory of the case, and that the term "proximate cause" was properly defined in Instruction Number 7 in compliance with *Williams v. State,* 554 P.2d 842 (Okl.Cr.1976). Under the circumstances, we cannot say that the trial court abused its discretion in refusing the appellant's requested instructions. This assignment of error is without merit.

### V.

In his final assignment of error, the appellant alleges that after the jury had sent a note stating that "After four consecutive votes, the vote remains 10–2," the trial court placed undue coercion on the jurors to reach a verdict when he delivered the following supplemental instruction:

> THE COURT: Very well. As I advised you earlier, if we don't resolve the case tonight, the case will have to be tried over again, and you're aware that it's a rather long case. I say that again without asking any juror to compromise their convictions, but if you think you can discuss the case a little longer and reason together and arrive at a verdict, that's what the Court would like to have you do. I know it's late, it's 11:30, but I think I'll return you to the jury room and let you continue your deliberations in an effort to reach a verdict. You may return to the jury room.

As we stated in *Sartin v. State,* 637 P.2d 897 (Okl.Cr.1981):

> Allen instructions have previously been upheld by this Court under circumstances of an apparent deadlocked jury. However, the trial court must carefully avoid any coercion. See, *Day v. State,* 620 P.2d 1318 (Okl.Cr.1980); and, *Glaze v. State,* 565 P.2d 710 (Okl.Cr.1977).

Although the instruction given by the trial court is not a model to be followed by the court's of this State, it certainly is not an unduly coercive instruction as the appellant contends, as the judge emphasized that no juror should compromise his conviction, and merely asked the jury to try to "discuss the case a little longer and reason together." This assignment of error is without merit.

Accordingly, the judgment and sentence is AFFIRMED.

CORNISH and BRETT, JJ., concur.