Steven Dale WILHITE and Sidney G. Denney, Appellants,

v.

The STATE of Oklahoma, Appellee.

Nos. F–83–371, F–83–424.

Court of Criminal Appeals of Oklahoma.

June 13, 1985.

John F. Reichenberger, Annis, Mitchell, Gaston & Reichenberger, Woodward, for appellants.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Vincent C. Logan, Legal Intern, Oklahoma City, for appellee.

## OPINION

PER CURIAM:

Steven Dale Wilhite and Sidney G. Denney were tried conjointly for the crime of Stealing Oil By-Product. They were each convicted and sentenced to one year imprisonment and fined $500. Their appeals are consolidated.

Appellants assert that the trial court committed reversible error in failing to grant their pretrial motions for severance.

Denney was the fieldman for Panhandle Eastern, the victim in the alleged theft of condensate from its Tracy booster. Appellant Wilhite is alleged to have removed illegally the same condensate from the Tracy booster. Denney and Wilhite each made statements regarding the purported theft of September 11, 1982, to Oklahoma State Bureau of Investigation Agent Gary Davis. Denney told Davis he was not at the Tracy booster and knew nothing of the purported theft, while Wilhite told Davis that he was purchasing emulsified oil from the Tracy booster on September 11, 1982, in a legitimate transaction with Denney. Wilhite even produced the cancelled check given to Denney in the purchase and also the check he wrote for expenses for his trip to the Tracy booster northwest of Guymon, Oklahoma.

Appellants allege that they had inconsistent defenses and were prejudiced by the jury hearing the inconsistent statements they made to Agent Davis. They assert that the court's error was compounded by its refusal to grant each defendant five peremptory challenges. Section 655, Title 22 O.S.1981 provides in part:

In all criminal cases, the prosecution and the defendant are each entitled to the following peremptory challenges: Provided, that if two or more defendants are tried jointly they shall join in their challenges; provided, that when two or more defendants have inconsistent defenses they shall be granted separate challenges for each defendant as hereinafter set forth.

First. In prosecutions for first degree murder, nine jurors each.

Second. In other felonies, five jurors each.

Third. In all non-felony prosecutions, three jurors each.

Neither defendant testified in his own defense. The only inconsistency in their positions was the discrepancies in their pretrial statements to Agent Davis, put into evidence by the State. Their defenses included witnesses who testified regarding the unreliability of the grindout test performed to identify the oil by-product removed from the Tracy booster by the truck driver hired by Appellant Wilhite to transport the liquid. Several defense witnesses also testified that it was unlikely that any substantial condensate was produced at the Tracy booster during the months preceding the alleged theft.

Neither defendant presented evidence inconsistent with the other's. However, the trial court carefully admonished the jury each time Agent Davis testified regarding the statements of each defendant. The jury was instructed by the judge that they could not weigh the statement of one defendant against the other defendant.

■ The decision to grant or deny a severance rests within the sound discretion of the trial court. The decision will not be upset on appeal unless there is abuse pre-

judicing the defendant. *Menefee v. State*, 640 P.2d 1381, 1383 (Okl.Cr.1982).

■ Appellants failed to demonstrate to the trial court prior to trial how their defenses were antagonistic. They rely on our decision in *Murray v. State*, 528 P.2d 739 (Okl.Cr.1974) wherein we held it was an abuse of discretion by the trial court to not grant a severance when codefendants' defenses were mutually antagonistic and pitted one against the other. But the situation in *Murray* does not compare to that in the present case. Here there were not statements of each defendant inculpating the other and exculpating self. Nor were the defendants so damaged that each had to take the stand and defend himself. And the statements by Wilhite and Denney were not presented as a defense, but were rather a part of the State's case. The admonition by the court was sufficient to limit the jury's consideration of the statements. *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr.1973). Nor do we consider their defenses inconsistent for purposes of 22 O.S.1981, § 655. Neither defendant introduced evidence which controverted the evidence of the other. There was no actual inconsistency. This assignment must fail.

■ Appellant Denney asserts as well that he was prejudiced by the admission into evidence of Wilhite's checks. One check was made payable to Denney and one was for expense cash Wilhite obtained on the day of the trip to the Tracy booster. Again, the trial court admonished the jury that they could consider this evidence only against Wilhite. But we are of the opinion that the evidence of Wilhite's checks was admissible against Denney since they were charged with acting in concert in the theft. In *Cooper v. State*, 584 P.2d 234, 237 (Okl. Cr.1978) we noted:

for where two or more defendants are charged with acting in concert, as here, evidence against each is available against the others.

The trial court's admonition to the jury was unnecessary.

Next, appellant Wilhite asserts error occurred when the trial court refused to require Agent Davis to produce the notes he made while interviewing him during his investigation of the alleged theft. He claims the notes were exculpatory because they contained the measurements Wilhite obtained from the grindout tests he performed on the liquid he removed from the Tracy booster the night of the purported theft. He believes these test results will show he legally removed the less valuable emulsified oil rather than condensate. The amount he paid Denney for the liquid would have been sufficient to pay for emulsified oil, but only one third of the value of condensate. Since he believes this information tends to exculpate him, he believes Agent Davis should have been required to look at his notes and testify to the test results. Wilhite relies on *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), according to which a defendant may be denied due process if the prosecution fails to disclose exculpatory evidence. But a prerequisite to obtaining information is that the defense did not have independent knowledge of and access to the evidence. *Castleberry v. Crisp*, 414 F.Supp. 945, 948 (N.D.Okl.1976). This Court has refused to require production of unsworn statements made by a witness to police officers. *Nauni v. State*, 670 P.2d 126 (Okl.Cr.1983); *Ray v. State*, 510 P.2d 1395 (Okl.Cr.1973); *State ex rel. Fallis v. Truesdell*, 493 P.2d 1134 (Okl.Cr.1972). An officer's notes are work-product. *Ray*, supra.

The information sought in the instant case were notes made by an investigating officer. Agent Davis never had the actual test results of Wilhite's tests; he only made notes of his interview with Wilhite. This information is not the type which was exclusively within the State's control. It was Wilhite who purportedly conducted the test. Nor were there any sworn statements involved. See 22 O.S. 1981, § 749. Agent Davis did not refresh his memory for trial by reviewing his notes which would have made them available for inspection by defense counsel. 12 O.S. 1981, § 2612. The trial court did not err in refusing to require Davis to review his notes.

Appellants assert that the trial court erred in allowing an employee of Panhandle Eastern, Joe Johnson, testify that U.P.G. had an exclusive contract to purchase condensate at the Tracy booster without requiring the actual contract be introduced into evidence. Appellant contends that this evidence is dispositive of the issue of consent, and required the introduction of the "best evidence." Joe Johnson testified that he was a supervising engineer with Panhandle Eastern and was familiar with the contract; he said he had read the contract and believed it was located within his office. The purpose of such testimony was not to prove the terms of the contract, but just to show that appellant did not have consent to remove condensate.

The trial court overruled defense's objection to Johnson's testimony and held that the contract need not be introduced. The trial court based its ruling on the grounds that Johnson had personal knowledge of the terms of the contract and that its terms were not in issue.

We agree with the trial court that it was not necessary to introduce the actual contract between Panhandle Eastern and U.P.G.

Mr. Johnson testified as supervising engineer for Panhandle Eastern. His supervisory responsibilities included the Tracy booster. He was qualified to testify that appellant Wilhite did not have consent to take condensate from the Tracy booster without producing the condensate purchase contract between his employer and U.P.G., 12 O.S.1981, § 2602. The terms of that contract was not in issue and 12 O.S.1981, § 3004 provides that the original is not required if the writing is not closely related to a controlling issue. This assignment is therefore without merit.

Finally, appellants contend the trial court erred in failing to sustain their motions for directed verdict. They each assert that the evidence failed to prove he did not have

consent to take condensate from the Tracy booster and that the State failed to show that condensate was actually taken from the Tracy booster. In addition, the appellant Wilhite says the State failed to establish that he had the necessary criminal intent and the appellant Denney says there was no admissible evidence connecting him to the taking of anything at all. Upon a careful review of the record, we find sufficient competent evidence from which the jury could conclude that appellants were guilty as charged. *Truelove v. State*, 545 P.2d 1270 (Okl.Cr.1976).

Finding no error warranting reversal or modification, judgment and sentence is AFFIRMED.