James HAYDEN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–21.

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1986.

E. Alvin Schay, Appellate Public Defender, Robert M. Beck, Special Counsel, for appellant.

Michael C. Turpen, Atty. Gen., State of Okl., Robert Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

James Hayden was convicted in the District Court of Pottawatomie County of Extortion and a sentence of five years' imprisonment was imposed.

Buford White, the president of a lumber company located in Shawnee, Oklahoma, received a telephone call at 1:00 a.m. on September 25, 1982, from a man who claimed to have a contract to kill White for

$20,000. He said he would spare White for $25,000. White hung up the telephone on the individual. The individual shortly thereafter called again, and once more White hung up the telephone. At 10:30 a.m., White received another telephone call, while at work, and the individual stated the matter was serious and would be sudden. After receiving a second call at work in which White's family was also threatened, he notified the police. The police were at White's place of business when a third call from the individual came. The individual said he was desperate for money and said he would take $2,000 in cash that Mr. White said he would deliver at a designated location later that day. At the appointed time, the location was under surveillance by police officers who watched appellant riding a motorcycle pick up the cash on his third trip past the brown paper sack. Two officers in an unmarked vehicle turned on a flashing red light and honked the vehicle's horn trying to stop appellant who increased his speed to what the officers believed to be 100 miles per hour. A police plane also observed appellant who was later stopped by a roadblock formed by Tecumseh police officers. The paper sack was found in his possession.

Appellant was advised of his *Miranda* rights by police officers and indicated he would talk with them. However, when asked why he made the calls to White, he shrugged his shoulders and would not answer questions regarding the crime. He claimed to have simply found the money in the sack and was racing home to tell his girlfriend about it.

■ Appellant asserts that reversible error occurred when a police officer, Officer Shirey, testified of appellant's post-arrest silence to certain questions of the officer. The prosecutor also mentioned his silence in argument.

We note initially, that a defendant's post-arrest silence may not be used to impeach his or her testimony. *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). But this rule does not extend to a defendant who tells police officers that he

or she will talk with them after being advised of their rights to remain silent. *Anderson v. Charles*, 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980). In this instance, there is no protected post-arrest silence since one "who voluntarily speaks after receiving Miranda warnings has not been induced to remain silent." *Id.* at 408, 100 S.Ct. at 2182, 65 L.Ed.2d at 226; *Gregg v. State*, 662 P.2d 1385, 1387 (Okl.Cr.1983). We find no error in the introduction of the testimony of Officer Shirey.

■ Appellant assigns as error the trial court's instruction to the jury on accomplices. His basic contention is that there was no evidence from which the jury could find that he was an accomplice and that since the information did not charge him as an accomplice, he was not able to defend himself.

It should first be noted that the information need not charge one as an accomplice. It is sufficient to charge an accomplice as a principal. 22 O.S.1981, § 432. "[N]o additional facts need be alleged...." *Id.* See also, *Battles v. State*, 459 P.2d 623 (Okl.Cr. 1969).

Instructions to the jury are discretionary with the trial judge, and do not call for reversal when they as a whole fairly and accurately state applicable law. *Tate v. State*, 664 P.2d 1036 (Okl.Cr.1983). At trial, none of those who had heard the caller's voice could identify appellant as the same person. However, there was sufficient circumstantial evidence from which the jury could infer that he either made the calls or that he participated in the crime with someone who had made the calls to White. For instance, he arrived on the location where White was told to leave the money within a few minutes of the time the deposit was to be made. He passed by the money three times, looking in every direction before he grabbed it. He hastened his speed when the officers alerted him to stop.

An accomplice is to be treated as a principal, 21 O.S.1981, § 172, and we find under the evidence the giving of this instruction was not reversible error.

Appellant asserts that the trial court erred in excluding an exhibit he offered. The exhibit was a commercial advertisement of a motorcycle of the same type and color which he owned, and which showed a man sitting upon it. It was offered in rebuttal to insinuations by the prosecutor that not much of the maroon color of the motorcycle was observable when a rider was on it. Officer Shirey testified that a man on a black motorcycle recovered the sack of money. In order to impeach his testimony by showing this inaccuracy, appellant presented evidence that his motorcycle's maroon color was observable even with a rider on it. He hoped to show as well that the officers were not very close to him when they tried to signal him to stop and that it was reasonable for him to have not seen the officers.

We find there was no error in the trial court's ruling. A color photograph of appellant's motorcycle was already in evidence which well portrayed it's color and the fact appellant sought to prove. By virtue of 12 O.S.1981, § 2403, the trial court may exclude evidence which is merely cumulative. We find no abuse of the trial court's discretion as the exhibit offered added little if anything to the evidence previously admitted.

Appellant contends the trial court should have granted his motion for a directed verdict of acquittal. Such a motion should be sustained if there is not sufficient evidence to support the verdict, but should be denied where there is evidence from which the jury could find a criminal defendant guilty as charged. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980). When the evidence is viewed in the light most favorable to the State, *id.*, we find a prima facie case of extortion. *Id.* The trial court did not err.

Finally, appellant claims that fundamental error occurred in his trial by reason of the cumulative errors. We have held that if none of the assigned errors require reversal or modification, certainly, we would be hard pressed to find cumulative error. *Hancock v. State*, 664 P.2d 1039 (Okl.Cr.

1983). This assignment of error is without merit.

Finding no error warranting reversal or modification, judgment and sentence is AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., specially concurs.

PARKS, Presiding Judge, specially concurring:

I concur with the opinion of my brother, Judge Bussey. However, I wish to comment upon Proposition I of appellant's brief, that the circumstantial evidence was insufficient to convict him for the crime of extortion. In *Moran v. State*, 555 P.2d 1085 (Okl.Cr.1976), Judge Brett, in an unanimous opinion of this Court, ruled that:

> "[W]here the State's evidence is purely circumstantial, the evidence must be such in order to sustain a conviction that the only reasonable inference that can be drawn is one of guilt. (Citation ommitted). However, this rule is open to the exception that when the defendant takes the stand and offers his own version of the facts (sic) and the evidence is no longer entirely circumstantial, and thus the original rule is no longer applicable." *Id.* at 1087–88.

Thus, when the defendant took the stand to testify on his behalf, the facts were put into issue, and it became the province of the jury to determine whether there were sufficient facts proved to convict the appellant of the crime instructed upon.