Kendall Wayne VOWELL, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–755.

Court of Criminal Appeals of Oklahoma.

Nov. 19, 1986.

Rehearing Denied Dec. 22, 1986.

Charles L. Hill, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Kendall Wayne Vowell was convicted in Cleveland County District Court of Robbery with Firearms, Burglary in the Second Degree, Arson in the Third Degree, each After Former Conviction of Two Felonies, and of Murder in the First Degree. He received sentences of thirty-five years', twenty-five years', thirty years', and life imprisonment, respectively.

Appellant and codefendant, Ron Hope, were tried together for the same four offenses occurring the evening of September 7, and the early morning of September 8, 1983. The two were charged with burglarizing the home of Dewey and Mary Miller in Norman, Oklahoma. During the course of the burglary, codefendants saw one of the owners return to the house and they hurriedly left, but ran out of gasoline in their automobile two to three miles away. They flagged down a motorist, Larry Ellis, who returned within a few minutes with fuel. He was shot numerous times and found dead by his wife later that evening in the bar ditch. His wallet and truck were missing. The truck was found later that same evening burning in a field in Cleveland County.

Early the next morning a convenience store in Norman was robbed and appellant and Hope were captured near the store a few minutes later. The weapons used to murder Ellis were used in the robbery and were found in their vehicle.

## I

Appellant assigns as error the trial court's refusal to grant his request for continuance of the trial which he made December 16, 1983. A preliminary hearing was conducted December 7 and 8, 1983, and the trial was begun January 23, 1984.

Appellant's motion for continuance was not properly perfected as he failed to support it by affidavit. *Tate v. State*, 664 P.2d 1036 (Okl.Cr.1983). Nor did he offer evidence in support of his motion to the district court.

Appellant's counsel was appointed November 8, 1983, and, appellant remained in Cleveland County Jail until December 16, 1983. Continuances being a matter within the trial court's discretion, we find no abuse thereof by a denial of adequate opportunity for counsel to prepare for trial. *Bowman v. State*, 585 P.2d 1373 (Okl.Cr.1978).

## II

Appellant charges that the trial court erred in failing to grant his motion for change of venue. Recognizing that the granting of denial of such a motion lies within the trial court's discretion, *Robison v. State*, 677 P.2d 1080 (Okl.Cr.1984), he contends the venire was prejudiced against him by extensive pretrial publicity and that the denial of his motion was improper. He attached to the motion the affidavit of three Cleveland County residents verifying the same in addition to some newspaper articles published concerning the crimes. However, after an extensive voir dire at trial, all jurors were excused but those who stated they could fairly and impartially judge the case on the evidence and had not previously formed opinions concerning guilt. We find that appellant has not overcome by clear and convincing evidence of actual prejudice the presumption that he was able to receive a fair trial. *Robison*, supra.

## III

Appellant urges that the combination of the various offenses for trial was error under our joinder statutes, 22 O.S. 1981, §§ 436–40, and that he was prejudiced by the presentation of evidence in one trial of so many offenses. Section 436

provides for the joinder of offenses where they are charged on the basis of a series of acts or transactions. *Dodson v. State,* 562 P.2d 916 (Okl.Cr.1977) (Specially Concurring, J. Brett). We find in the present case that the offenses arose from a series of acts which were connected and were, therefore, properly joined.

This Court has encouraged the State to join for trial as many offenses as is permissible. *Allison v. State,* 675 P.2d 142 (Okl. Cr.1983); *DeLaune v. State,* 569 P.2d 463 (Okl.Cr.1977); *Dodson,* supra. Judicial economy is thereby promoted. Rather than forcing the State to isolate and prosecute single transactions, joinder of the offenses is extended to those arising from a series of acts or transactions. The acts herein were connected by time, proximity, and evidence. For comparable application of the term "series of acts or transactions," see the following cases: *United States v. McClintic,* 570 F.2d 685 (8th Cir.1978) and *United States v. King,* 567 F.2d 785 (8th Cir.1977).

Section 439 provides for severance of trial where the State or the defendant appear to be prejudiced. Appellant did not establish before trial the prejudice he would suffer by joinder. Nor do we discern actual prejudice from our review of the trial record. Indeed, he received the minimum sentence for Murder in the First Degree. All other offenses were sentenced as occurring after prior convictions for two felonies and required minimum sentences of twenty years' imprisonment. 21 O.S. 1981, § 51. His sentences of thirty-five, thirty, and twenty-five years' imprisonment do not appear excessive under the circumstances of the case. This assignment of error is without merit.

### IV

■ Appellant also urges that he was prejudiced by being tried with his codefendant Hope. At a pretrial hearing on his motion for severance, counsel argued that appellant would be prejudiced by introduction of codefendant Hope's statement to police which was accusatory of Vowell and also by being required to share peremptory challenges with codefendant during voir dire. However, we note from the pretrial hearing and trial transcripts that both of these problems were obviated by the State's voluntary concessions. It announced that it would not introduce the statement nor require the defendants to join in challenges. No error thereby resulted.

■ Appellant further contends that codefendants' defenses were mutually antagonistic and thus required severance, relying on *Murray v. State,* 528 P.2d 739 (Okl.Cr. 1974). But unlike *Murray,* codefendants' defenses were not actually hostile to one another. Each admitted being involved in the crimes but placed the responsibility on the other. Their versions were not truly antagonistic and did not require severance. *Wilhite v. State,* 701 P.2d 774 (Okl.Cr. 1985).

### V

■ As his next assignment of error, he asserts that the trial court should have granted his pretrial request for a State funded private investigator and psychologist. He argues that he should have been granted every possible means to defend himself. The authority which he cites in support of this argument is that of *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). We discussed the application of the Supreme Court's holding in *Ake* in our recent case of *Liles v. State,* 702 P.2d 1025 (Okl.Cr.1985), *certiorari denied,* —— U.S. ——, 106 S.Ct. 2291, 90 L.Ed.2d 732 (1986). We rejected an extension of that holding which would include "every possible means to defend." We again reject this argument and note that appellant was able to retain a psychologist who examined him and testified at trial concerning her findings.

### VI

■ Appellant requested individual voir dire of jurors, as well as sequestration of them during voir dire. Appellant did not

have a right to either request, though such may be allowed by the trial court. *Nauni v. State,* 670 P.2d 126 (Okl.Cr.1983).

The existence of extensive pretrial news coverage does not itself demand individual or sequestered voir dire. *See Stafford v. State,* 669 P.2d 285 (Okl.Cr. 1983), vacated on other grounds, 467 U.S. 1212, 104 S.Ct. 2652, 81 L.Ed.2d 359 (1984), on remand 697 P.2d 165 (1985). The crux of the issue is whether defendant can receive fair and impartial jurors. *Nauni,* supra. An exhaustive voir dire was conducted accounting for nearly seven hundred pages of transcript, and as previously noted, an apparently impartial jury was selected. We find no error.

## VII

Appellant contends the trial court failed to maintain proper decorum at the trial. He complains, without authority, of the small size and of the layout of the courtroom. Having failed to establish an abuse of the trial court's discretion in the conduct of the proceedings, this assignment of error is without merit. *Bingham v. State,* 82 Okl.Cr. 5, 165 P.2d 646 (1946).

## VIII

Prior to trial, appellant agreed that Mrs. Ellis could be present in the courtroom during trial. After defense counsel dropped a picture of the murder victim in front of her, she started crying. He requested that she be removed at the break, which request the trial court refused.

Appellant complained also that Mrs. Ellis' sorrowful conduct and presence at the snackbar prejudiced the jury. He requested a mistrial on these bases.

The record does not indicate any unusual outbursts by Mrs. Ellis. It could reasonably have been anticipated that she would become emotionally upset when she was allowed to remain in the courtroom. If any error occurred, it was invited and not grounds for reversal. *See Satepeahtaw v. State,* 595 P.2d 805 (Okl.Cr.1979).

## IX

Next, appellant assigns as error the trial court's refusal to allow him to put on evidence of codefendant Hope's prior manslaughter conviction in order to prove that Hope was the more likely of the two to have killed Ellis. This request is in direct contravention to the Evidence Code. Title 12 O.S.1981, § 2404(B) forbids the use of evidence of other crimes to prove an individual's character, and that he or she "acted in conformity therewith." This rule applies to codefendants as well as the State.

Appellant argues that such evidence was relevant, and therefore admissible under the Code. But Section 2402 provides that even relevant evidence would be excluded if prohibited by the United States or Oklahoma Constitutions, by statute, or the Evidence Code. The specific prohibition of such evidence by the Code prevails in that instance over the general allowance of relevant evidence. *Koch v. Oklahoma Turnpike Authority,* 208 Okl. 556, 257 P.2d 790 (1953).

Appellant argues that he was prejudiced by the denial of severance of trial from codefendant since he was prevented from presenting evidence of Hope's manslaughter conviction in his own defense. Section 2404(B) would apply also in separate trials, and appellant has not presented contrary authority in support of this assignment.

## X

Appellant asserts that the trial court erred in allowing pictures into evidence of Larry Ellis' body as it lay in the bar ditch. He claims that their probative value was outweighed by their gruesome nature and prejudicial effect. *King v. State,* 667 P.2d 474 (Okl.Cr.1983). Further, he urges the pictures were unnecessary because there was other competent evidence of the fact of death and of criminal agency. The State urges that the pictures were not unnecessarily gruesome and were relevant to show the position of the body,

its condition when discovered, and certain wounds.

We find that this assignment of error is without merit. The record presented otherwise does not indicate an abuse of the trial judge's discretion.

### XI

 Finally, appellant contends he was improperly convicted After Former Conviction of Two Felonies in violation of 21 O.S.1981, § 51. This statute forbids such a conviction if the two felony offenses relied upon arise "out of the same transaction or occurrence or series of events...." Appellant's two prior convictions were in Garvin County, Case Nos. CRF–81–264 and CRF–81–267. He contends they were in a series of events closely related in time and location because of the closeness of the case numbers and the fact that he pled guilty to both of them on the same day.

We find that appellant has failed to meet his burden of presenting evidence that the convictions arose from the same transaction or occurrence. *Bickerstaff v. State*, 669 P.2d 778 (Okl.Cr.1983). This being so, the assignment of error is without merit.

Finding no error warranting reversal or modification, judgments and sentences are AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., specially concurs.

PARKS, Presiding Judge, specially concurring:

The appellant contends that he was prejudiced by being tried with his codefendant, Hope, because their defenses were mutually antagonistic. The majority, relying on *Wilhite v. State*, 701 P.2d 774 (Okl.Cr. 1985), states that the defenses were not truly antagonistic and did not require severance. *Supra* at 857. I must respectfully disagree.

In *Wilhite*, neither defendant blamed the other. While the two defendant's statements and testimony were inconsistent, neither accused the other of committing the crime. Here, both defendant's denied responsibility for the shooting, arson and robbery. Each made statements and testified that the other was the guilty party. In addition, Judy Mealor, the codefendant's roommate, testified that Hope told her that the appellant had killed Mr. Ellis. Their defenses were antagonistic. *See Edmondson v. State*, 515 P.2d 1158 (Okl. Cr.1973); and *Murray v. State*, 528 P.2d 739 (Okl.Cr.1974).

In this case, however, the appellant's pretrial motion for severance was based on the possible use at trial of codefendant's accusatory pretrial statements and on being required to share peremptory challenges. When the State agreed not to introduce the statements or require the defendants to share challenges, the argument was rendered moot. The appellant's further contention that his and his codefendant's defenses were mutually antagonistic was not supported by affidavit or evidence alerting the trial court as to the perceived danger. Moreover, when antagonistic evidence was presented at trial, appellant failed to renew his motion or to move for a mistrial. Therefore, in such circumstances, it cannot be said that the trial court abused its discretion by overruling appellant's motion for severance. *See Francis v. State*, 555 P.2d 88 (Okl.Cr.1976). *See also Hightower v. State*, 672 P.2d 671 (Okl.Cr.1983).