**Artie Lee MAYFIELD, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–441.**

Court of Criminal Appeals of Oklahoma.

June 19, 1987.

Rehearing Denied July 24, 1987.

David Autry, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpin, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Sandra D. Howard, Legal Intern, Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Artie Lee Mayfield, was tried by jury and convicted of Knowingly Concealing Stolen Property (21 O.S.1981 § 1713), in Muskogee County District Court, Case No. CRF–83–484, before the Honorable Lyle Burris, Associate District Judge. The jury recommended a sentence of twenty (20) years imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

Briefly stated, the State presented evidence that on July 12, 1983, Officer Charles Chatham stopped the appellant for speeding. When the appellant failed to produce a driver's license, the officer ran a check on the vehicle identification number and discovered that the vehicle had been stolen in Mississippi. A subsequent inventory search revealed various items of personal property reportedly stolen.

■ In his first assignment of error, appellant argues that the trial court committed reversible error by failing to instruct the jury on his theory of defense. Appellant claimed that he lacked the guilty knowledge necessary to warrant a conviction. After reviewing the record, however, we find that the instructions given by the court provided the legal theory appellant requested. The giving of instructions falls within the discretion of the trial judge, and this Court will not question that discretion when the instructions, taken as a whole, fairly and accurately state the applicable law. *Hayden v. State*, 713 P.2d 595, 596 (Okl.Cr.1986); *Tate v. State*, 664 P.2d 1036, 1039 (Okl.Cr.1983). No abuse of discretion has been shown here, as the instructions given made it clear that the appellant was required to have guilty knowledge. Thus, this assignment is meritless.

■ Next, appellant urges that he was denied his Sixth and Fourteenth Amendment rights to effective assistance of counsel when the trial court refused to grant a severance of his trial from his codefendant, Tammy Ayers Mayfield. Appellant cites *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), where the Supreme Court indicated that when a timely objection is made to dual representation and the trial court nonetheless rejects the contention without further inquiry, prejudice is presumed and reversal is automatic. A review of the record, however, shows that *Holloway* is not applicable here. Appellant made his motion for severance the day of trial. This Court has previously refused to reverse a conviction when the severance motion was made the day before trial and the conflict of interest should have been apparent to the attorney beforehand. *See Grimes v. State*, 528 P.2d 1397, 1403–04 (Okl.Cr.1974).

■ However, we need not decide this case on that basis alone. The record indicates that the motion for severance was made not on behalf of appellant, but on behalf of Tammy Ayers Mayfield. *See Holloway*, 433 U.S. at 489, 89 S.Ct. at 1181. A defendant who fails to make a timely motion for severance before trial starts has failed to properly preserve the issue for appeal. *See Rhyne v. State*, 514 P.2d 407, 410 (Okl.Cr.1973). Since appellant failed to make a timely objection, the standard for review is not that of *Holloway*, but that of *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Under *Cuyler*, a defendant who fails to raise an objection at trial must demonstrate that an actual conflict of interest adversely affected his attorney's performance. *Id.* at 348, 100 S.Ct. at 1718. Until a defendant shows that his counsel actively represented conflicting interests, he cannot establish the constitutional predicate for his claim of ineffective assistance. The mere possibility of a conflict is insufficient to impugn a criminal conviction. *Id.* at 350, 100 S.Ct. at 1719. The reason given for the requested severance at the beginning of the trial on behalf of Mrs. Mayfield was that appellant's prior criminal record would adversely reflect upon Mrs. Mayfield, and that appellant's participation in the crime was greater than Mrs. Mayfield's, since appellant was driving the vehicle and she was only a passenger. Such allegations might adversely affect Mrs. Mayfield, but not appellant. The defenses of the Mayfields were

not antagonistic and, in fact, both defended on the basis of a lack of knowledge concerning the presence of stolen property in the vehicle. Evidence to that effect was presented on behalf of both defendants, and Mrs. Mayfield's testimony was aimed at benefitting her husband as well as herself. Defendants who present consistent defenses are not entitled to separate trials. *Master v. State*, 702 P.2d 375, 378 (Okl.Cr. 1985). Having found no basis for reversal under the *Cuyler* standard, this assignment is meritless.

■ Appellant also claims that the trial court prohibited the jury from considering the testimony of Dexter, one of his witnesses. He notes that, although the testimony was admitted into evidence, an instruction to the jury prohibited them from considering that testimony. We find the proposition wholly without merit. An examination of the record shows that, although appellant's attorney raised a number of objections to other instructions, he failed to object to the one concerning Dexter's testimony. Failure to object to an instruction waives consideration on appeal. *Frazier v. State*, 706 P.2d 165, 167 (Okl.Cr.1985); *Jetton v. State*, 632 P.2d 432, 435 (Okl.Cr. 1981). The instruction to which appellant now objects is:

> Ladies and gentlemen, you are further instructed that since the court has severed the trial of defendant, Donald Ray Dexter, from the trial of Artie Lee Mayfield a/k/a Gerald Wayne Mayfield and Tammy Jane Ayers Mayfield, you are not to consider any evidence or testimony that concerns his innocence or guilt since that issue is not for your consideration.

■ We do not find that the foregoing instruction was error, insofar as it simply told the jury that the determination of Dexter's guilt or innocence was not before them. The jury chose not to believe Dexter's testimony concerning the appellant's lack of involvement and guilty knowledge. It was within the exclusive province of the jury to weigh the evidence and determine the credibility of witnesses. *See Hollan v. State*, 676 P.2d 861, 864 (Okl.Cr.1984). This assignment is meritless.

Appellant next claims that his conviction must be reversed because it was not predicated on sufficient evidence. Due process requires a reviewing court to examine the record evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could find the essential elements of the crime charged beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202, 203–04 (Okl.Cr.1985). In making this assessment, the reviewing court must accept all reasonable inferences and credibility choices that tend to support the decision of the trier of fact. *See Washington v. State*, 729 P.2d 509, 510 (Okl.Cr.1986). Circumstantial evidence and reasonable inferences drawn therefrom, which have the same probative effect as direct testimony, need not exclude every conceivable hypothesis or negate any possibility other than guilt. *See Fiorot v. State*, 641 P.2d 551, 554 (Okl.Cr.1982), *cert. denied*, 469 U.S. 847, 105 S.Ct. 159, 83 L.Ed.2d 96 (1984).

■ In the instant case, Haskell police officer Ronnie McGuire testified that he stopped a vehicle driven by appellant at approximately 6:50 p.m. on July 12, 1983, because the vehicle was traveling ten (10) miles per hour over the speed limit. Of the three people in the vehicle—appellant, appellant's common law wife and Dexter—none had a valid driver's license. A check of the vehicle identification number revealed that it was stolen in Mississippi. All three were arrested and the vehicle was impounded. Officer Charles Chatham testified he inventoried the vehicle and identified a number of items, including, among other things, a portable television set, a radio-cassette player, two rifles and two handguns on the floorboard and in the trunk. David Dixon and his father, Alfred Lee Dixon, testified that Alfred Dixon's house was burglarized sometime before 3:00 p.m. on July 12, 1983. The property found in the vehicle appellant was driving was identified as belonging to Alfred Dixon. Elaine Beal testified that appellant and two other people visited her house on July 9, 1983, and had asked about Alfred Dixon, her father. They inquired into,

among other things, Dixon's work habits and when he would be home. This Court has held that circumstantial evidence can be sufficient to convict, and it is the exclusive province of the jury to apply such evidence. *Hightower v. State*, 672 P.2d 671, 675 (Okl.Cr.1983). *See also Coughran v. State*, 565 P.2d 688, 691 (Okl.Cr.1977). We find that a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt.

 For his last assignment of error, appellant claims that he was denied equal protection of the law when the trial court refused his request for a preliminary hearing transcript at state expense. After examining the record, we are convinced that the transcript was denied not because appellant was indigent, but because the request for the transcript of the September 12 preliminary hearing was made on November 30, eight days before the trial, by the same counsel who represented appellant at the preliminary hearing. The court refused the request, citing time constraints, but offered counsel a tape of the proceeding upon request. No such request was made until the morning of trial. Even then, the court made an effort to promptly comply with counsel's request, sending for the material which was located in Sallisaw, approximately 50 miles away. The material was available for counsel by the end of jury selection, and counsel was given over an hour to peruse the material before the first witness was called. From the above facts, it appears that appellant failed the first part of the test enunciated in *Kirk v. State*, 555 P.2d 85, 87 (Okl.Cr.1976), requiring that the defendant exercise due diligence in trying to obtain a transcript. A motion for continuance is within the discretion of the trial court, whose ruling will not be disturbed absent an abuse of discretion. *Renfro v. State*, 607 P.2d 703, 705 (Okl.Cr. 1980). Further, there is no evidence that appellant was prejudiced by the lack of a continuance. His counsel did a thorough and competent job of cross-examining witnesses. We therefore find no error by the trial court in denying the transcript.

Accordingly, for all of the foregoing reasons, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

BUSSEY, J., concurs in results.