Stewart Keith SNOW, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–84–556.

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1987.

Michael A. Taylor, Bloodworth & Associates, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Stewart Keith Snow, was charged with First Degree Manslaughter in violation of 21 O.S.1981, § 711(1) in Case No. CRF–83–3408 in the District Court of Oklahoma County. The jury returned a verdict of guilty on a lesser offense of Negligent Homicide and set punishment at one year imprisonment and a $1,000.00

fine. Appellant was sentenced accordingly and appeals.

The charges arise from a multi-vehicular collision on July 7, 1983, where appellant's pickup crossed the median of I–40, became airborne and struck decedent's automobile as well as several others. The State presented witnesses who testified appellant smelled of alcohol at the scene, was agitated and had bloodshot eyes. Several state troopers testified it was their opinion appellant was intoxicated. Appellant presented witnesses who testified to the contrary and a witness who stated he saw another vehicle veer into appellant's lane forcing him off the road.

For his first assignment of error, appellant asserts that the court improperly admitted into evidence a bar tab which was irrelevant and prejudicial to him.

The State introduced a bar tab and charge slip from a local club, which reflected the number and type of drinks served to a group of people which included appellant. It was established appellant left the group just prior to the accident. It was also established appellant was drinking Jack Daniels and water before joining the group, and only one person in the group was served that drink after appellant joined it. The waitress stated she served Jack Daniels and water to the man seated to the left of the man who paid for the drinks, although she could not positively identify appellant.

Relevant evidence is defined in 12 O.S. 1981, § 2401 as any evidence having any tendency to make the existence of a fact of consequence more or less probable than it would be without the evidence.

An assessment of the probative value versus the prejudicial effect is a determination within the discretion of the trial court. *Camp v. State,* 664 P.2d 1052, 1053 (Okl. Cr.1983).

■ The charge slip and bar tab were introduced as circumstantial evidence of appellant's alcohol consumption and level of intoxication just prior to the accident. A review of the record shows the charge slip was identified by its owner, who was with the group. The bar tab was identified by the cocktail waitress who served the group. Any inferences to be drawn from the evidence was a matter that was properly left to the jury. This assignment is without merit.

The appellant next maintains that the evidence offered by the AmCare paramedics, the emergency room nurse and the physician who treated appellant was privileged under 12 O.S.1981, § 2503 and it was error to allow the testimony of these witnesses.

The AmCare technicians who were with appellant at the accident, the nurse who admitted appellant to the emergency room at St. Anthony's Hospital, and the physician who examined appellant were allowed to state their observations about appellant's behavior at the scene or immediately afterward. All testified that appellant was able to answer questions, appeared agitated and smelled of alcohol. The emergency room nurse testified she assessed appellant as to the extent of his injuries, which were minor; and, based on her observations of him for 45 minutes, she formed an opinion that appellant was intoxicated. The physician testified appellant sustained a small scalp cut, appeared restless and had an odor of alcohol on his breath.

■ Appellant correctly notes that this Court has had little opportunity to rule on the scope of 12 O.S.1981, § 2503—Physician–Patient Privilege—since enactment of the Oklahoma Evidence Code in 1978. However, we do not feel compelled under the facts presented in this case to look any further than subsection A.4 of § 2503 to dispose of this issue. "A communication is confidential if not intended to be disclosed to third persons." We agree with the State that the odor of alcohol upon a person's breath is a condition not within the category of confidential information for privilege purposes. The behavior of appellant at the scene and later at the hospital is also open to public purview.

We find, therefore, that the facts of the matters testified to—that appellant had minor scalp lacerations, was agitated and

smelled of alcohol—were public conditions and not contemplated as privileged communications under the statute. As noted by the state, the rationale followed by this Court prior to the enactment of the code is sound in this regard. *See Hammonds v. State*, 366 P.2d 111, 116 (Okl.Cr.1961).

█ Appellant next asserts the trial court erred in refusing to instruct the jury on unavoidable accident and sudden emergency. The jury was instructed on excusable homicide as requested. Appellant's defense to the charge was that it was the evasive action he took in trying to avoid another automobile, which had entered his lane that was the cause of the accident and further that he was not intoxicated. The court agrees with the State that intervening cause and sudden emergency are adequately covered in an excusable homicide instruction. As a whole, the instructions given fully represent all of the material issues raised. If this criteria is met, the trial court has executed its duty. *Tate v. State*, 664 P.2d 1036 (Okl.Cr.1983).

█ For his fourth assignment of error, appellant complains the sentence imposed by the trial court was excessive. Appellant contends that the presiding judge was influenced by the presence of the M.A. D.D. organization and resolving the problem of drinking drivers nationwide even though appellant was not found guilty of driving under the influence. A search of the record reveals no complaints made by appellant to the presence of this organization during the trial. The sentence imposed was recommended by the jury. When that sentence is within the range established by statute, it will not be disturbed unless, under all of the facts and circumstances of the case, the sentence is so excessive that it shocks the conscience of the court. *Moran v. State*, 555 P.2d 1085 (Okl.Cr.1976). A review of the record does not reveal any mitigating circumstances or facts. Accordingly, this assignment is without merit.

As we find none of the errors raised to be of merit, appellant's final contention that the cumulative effect of all of the errors substantially prejudiced him is also without grounds.

The judgment and sentence is AFFIRMED.

BUSSEY, J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

I write separately to address the privilege which exists between physician and patient. As correctly explained by Judge Brett, only communications which are not intended to be disclosed to third parties fall within this privilege. *See* 12 O.S.1981, § 2503. Because this is a statutory privilege, and in derogation of common law, the legislation creating this privilege must be strictly construed. *See State v. George*, 575 P.2d 511, 515 (Kan.1978).

*Hammonds v. State*, 366 P.2d 111 (Okla. Crim.App.1961), which was decided under the old statute, involved a similar incident. In *Hammonds*, the defendant was convicted of first-degree manslaughter while engaged in the misdemeanor of driving while intoxicated. The attending physician testified that the defendant "smelled like whiskey." This Court reasoned that the defendant's condition was not confidential, but was open to the public. Therefore, it did not fall within the information protected by the physician-patient privilege.

Similarly, in the case at bar, the appellant's condition was known by several individuals other than the doctor. As this condition was observed by third persons, it cannot be considered confidential. Accordingly, I agree with the result reached by the majority.

However, I am unwilling to state that the smell of alcohol is *always* a condition which is open to the public. In order to give effect to the language enacted by the legislature, the trial court should focus on the "confidentiality" requirement rather than applying a "per se" rule.