**Walter L. JOHNSON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–88–247.**

Court of Criminal Appeals of Oklahoma.

Oct. 29, 1992.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

JOHNSON, Judge:

Walter L. Johnson, appellant, was tried by jury for the crime of Murder in the First Degree, in violation of 21 O.S.1981, § 701.7, in Case No. CRF–87–80 in the District Court of Sequoyah County. Appellant was represented by counsel. The jury returned

a verdict of guilty and set punishment at life imprisonment. The trial court sentenced appellant accordingly. From this Judgment and Sentence, appellant appeals.

Insomuch as this case must be REVERSED and REMANDED for a new trial, we deem a recitation of the facts unnecessary.

In his second assignment of error, appellant contends that the trial court erred in its jury instruction concerning the defense of insanity.

It has long been held that *M'Naghten* is the only test used to determine criminal responsibility in Oklahoma. *Pugh v. State,* 781 P.2d 843, 844 (Okl.Cr.1989). Furthermore, in *Jones v. State,* 648 P.2d 1251, 1254 (Okl.Cr.1982), this Court specifically held that a defendant was legally insane if "during the commission of the crime he was suffering from a mental disease or defect rendering him unable to differentiate between right and wrong, or unable to understand the nature and consequences of his acts." *See also* 21 O.S.1981, § 152(4). The language in *Jones* followed explicitly the rule set forth in *M'Naghten's* case, and clearly shows that both prongs of the *M'Naghten* test are applied in Oklahoma. Moreover, in *Pugh,* we specifically stated that this Court continues to adhere to both prongs of the *M'Naghten* test.

In the last paragraph of Instruction No. 17, the trial court in the present case charged the jury as follows:

> On the other hand, if, after considering all of the evidence in the case, you entertain a reasonable doubt as to whether the defendant was mentally competent to understand the nature and consequences of his act, to distinguish between right and wrong as applied to said act, *and* to know that it was wrong, then in that event it is your duty to resolve the doubt in the defendant's favor and acquit him on the ground of insanity, and state that fact in your verdict.

Appellant contends that by using the conjunctive word "and" rather than the disjunctive word "or" the trial court erred in requiring the jury to find appellant insane under both prongs of the test, rather than just one, before they could acquit him. We agree.

In *Pugh,* 781 P.2d at 845, this Court stated that the two prongs of *M'Naghten* set forth two separate and distinct ways that a defendant may be determined legally insane. We arrived at this conclusion after considering cases from other jurisdiction, such as *Price v. Commonwealth,* 228 Va. 452, 323 S.E.2d 106, 110 (1984), wherein the Supreme Court of Virginia held that the two parts of *M'Naghten* are disjunctive and separate ways of determining that a defendant is legally insane. The Virginia Supreme Court stated:

> The first portion of *M'Naghten* relates to an accused who is psychotic to an extreme degree. It assumes an accused who, because of mental disease, did not know the nature and quality of his act; he simply did not know what he was doing ... The latter portion of *M'Naghten* relates to an accused who knew the nature and quality of his act. He knew what he was doing; ... however, because of mental disease, he did not know that what he was doing was wrong.

*See also People v. Skinner,* 39 Cal.3d 765, 217 Cal.Rptr. 685, 693, 704 P.2d 752, 760 (1985).

In *State v. Griffin,* 99 Ariz. 43, 406 P.2d 397, 401 (1965), the Supreme Court of Arizona found an insanity instruction similar to the one at bar to be error. The court found the instruction to be improper because it charged the jury in the conjunctive, while the test of legal insanity has two elements. The court determined that the trial court incorrectly applied the conjunctive "and" and should have applied the disjunctive "or". The court concluded that if either of the two conditions were found to exist by the jury under M'Naghten's Rule, the jury must find the defendant criminally not responsible for the criminal act committed.

It is so sad to reverse a case when a simple word such as "and" should have been "or". Words do have specific meaning and must be used properly, especially with "Jury Instructions". This Court abhors a retrial due to such a small but

critical error. We know of the problems of a new trial, the family, witnesses, parties, and the court and jury, but justice requires such a new trial when fundamental error occurs.

While the State is correct in noting that the appellant voiced no objection to the instruction given by the trial court, we believe appellant was deprived of a fair and impartial trial because the jury was not given an accurate instruction in conformance with the *M'Naghten* rule.

For the reasons discussed above, this case is REVERSED and REMANDED for a NEW TRIAL.

LANE, P.J., LUMPKIN, V.P.J., and BRETT, and PARKS, JJ., concur.