873 P.2d 1053 (1994)
Mark Andrew FOWLER, Appellant,
v.
STATE of Oklahoma, Appellee.
No. PC-93-1021.
Court of Criminal Appeals of Oklahoma.
April 28, 1994.
James T. Rowan, Asst. Public Defender, Oklahoma City, for appellant at trial.
Robert Macy, Dist. Atty., Patrick Morgan, Steve Huddleston, Asst. Dist. Attys., Oklahoma City, for appellee at trial.
William R. Foster, Jr., Asst. Appellate Indigent Defender, Randy A. Bauman, Acting Chief Appellate Indigent Defender, Capital Post-Conviction, Norman, for appellant on appeal.
Susan B. Loving, Atty. Gen. of Oklahoma, Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee on appeal.

*1054 OPINION AFFIRMING DENIAL OF POST-CONVICTION RELIEF
CHAPEL, Judge.
Mark Andrew Fowler appeals from an order of the District Court of Oklahoma County denying his application for post-conviction relief in Case No. CRF-85-3343. Fowler was convicted by jury on May 16, 1986, of three counts of Murder in the First Degree while in the commission of Robbery With a Dangerous Weapon, felony-murder, 21 O.S. 1981, § 701.7(B), and sentenced to death on each count.
Fowler and co-defendant Billy Ray Fox were convicted of the July 3, 1985, murder of three Wynn's IGA grocery store employees during a robbery in which approximately $2700 was taken. Fowler and Fox made separate statements to police confessing to participation in the robbery, but denying committing or participating in the murders. Fox admitted to his roommate Chris Glazner that he had killed three people and that Fowler had stabbed one. Neither defendant testified at trial. Glazner's testimony was edited to remove all references to any party other than Fox; a police officer's testimony on Fowler's statement was redacted to discuss only Fowler's admissions regarding presence in the store and participation in the robbery.
This Court affirmed Fowler's Judgment and Sentences on August 30, 1989, in Fowler v. State, 779 P.2d 580 (Okl.Cr. 1989), cert. denied, 494 U.S. 1060, 110 S.Ct. 1537, 108 L.Ed.2d 775 (1990). Fowler's motion for rehearing was denied on October 2, 1989. Between May 25, 1990, and July 12, 1993, Fowler filed his Application for Post-Conviction Relief, along with several amended and supplemental applications. On April 7, 1992, this Court denied Fowler's Motion to Recall Mandate based on the issue of severance for mutually antagonistic defenses. Proceedings were held in abeyance from November 2, *1055 1992, until July 21, 1993, pending resolution of Mann v. Reynolds, 828 F. Supp. 894 (W.D.Okl. 1993). On August 24, 1993, the District Court denied all applications, amended and supplemental, for post-conviction relief except in regard to one issue  an issue it declined to consider unless so directed by this Court.
In Fowler's appeal now before us, he raises twelve propositions of error. After thorough review of each claim of error, we find that his second proposition is the only proposition not barred by res judicata or waived. In that proposition, Fowler does not directly attack his conviction or sentence, but claims he was denied due process because he did not receive a full and fair appellate review of his judgment and sentence by a competent tribunal. We reject the collateral attack on Fowler,[1] find the proposition to be without merit and affirm the district court's denial of post-conviction relief.[2]
Initially, we note the Post-Conviction Procedure Act, 22 O.S. 1981, §§ 1080 et seq., outlines procedures for a defendant to challenge conviction and sentence after direct appeal. No authority extends post-conviction review procedures to encompass challenges to review on direct appeal.
The opinion in this case as filed with the Clerk, with the individual judges' votes shown thereon, is the official pronouncement of this Court. Our rules permit and we encourage litigants to seek rehearing when an opinion overlooks a decisive question or authority. Rule 3.14, 22 O.S. 1981, Ch. 18, App. Fowler presents absolutely no authority[3] which would require or permit this Court *1056 to consider a collateral attack on this Court's opinion upon the assertion that one of its members was "incompetent".[4] We decline to do so here. Moreover, we find the appellate procedures afforded Fowler, and the opinion issued by this Court which thoroughly considered all issues and authorities raised by him,[5] comport fully with the due process requirements of the federal and state constitutions.[6] This proposition is without merit and is denied.
Fowler also requests an evidentiary hearing on Proposition II. Neither the U.S. nor the Oklahoma Constitution affords Fowler a right to an evidentiary hearing, 22 O.S. 1981, § 1084, Johnson v. State, 823 P.2d 370 (Okl.Cr. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992). Furthermore, no issue of material fact has been presented. The request for evidentiary hearing is denied.
Propositions I, III, IV, VIB, VII (in part), and XI[7] were raised on direct appeal and are therefore barred by res judicata. Walker v. State, 826 P.2d 1002 (Okl.Cr. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 280, 121 L.Ed.2d 207 (1992); Banks v. State, 810 P.2d 1286 (Okl.Cr. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 883, 116 L.Ed.2d 787 (1992).
Propositions V, VIA, VII (in part), VIII, IX, X, and XII could have been raised *1057 on direct appeal, but were not, and are therefore waived absent proof of adequate grounds to excuse the delay, Johnson v. State, 823 P.2d 370 (Okl.Cr. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992); Banks, supra. Fowler argues that Propositions V, VIA, and X are not waived because he has not been granted sufficient funds to pursue them. We find this does not excuse his failure to raise the issue on direct appeal.
We have carefully examined Fowler's entire record before us on appeal, including the application and the District Court's findings of fact and conclusions of law, and find that he is not entitled to relief. The order of the District Court denying post-conviction relief should be, and is hereby AFFIRMED, and Fowler's second proposition of error is DENIED.
LUMPKIN, P.J., JOHNSON, V.P.J., and LANE and STRUBHAR, JJ., concur.
NOTES
[1] Fowler also attacks Fox v. State, 779 P.2d 562 (Okl.Cr. 1989), cert. denied, 494 U.S. 1060, 110 S.Ct. 1538, 108 L.Ed.2d 777 (1990), which discusses legal issues raised by both defendants.
[2] Notwithstanding our decision to deny Fowler's second proposition, we have conducted a thorough, complete review of the Fowler and Fox issues on severance and peremptory challenges. Under Oklahoma law, mutually antagonistic defenses exist and require severance where each defendant attempts to exculpate himself and inculpate his co-defendant. Perry v. State, 853 P.2d 198 (Okl.Cr. 1993); Neill v. State, 827 P.2d 884 (Okl.Cr. 1992); Woodruff v. State, 825 P.2d 273 (Okl.Cr. 1992); Romano v. State, 827 P.2d 1335 (Okl.Cr. 1992); (companion case to Woodruff); Lafevers v. State, 819 P.2d 1362 (Okl.Cr. 1991); Cannon v. State, 827 P.2d 1339 (Okl.Cr. 1992) (companion case to Lafevers); Vowell v. State, 728 P.2d 854 (Okl.Cr. 1986); VanWoundenberg v. State, 720 P.2d 328 (Okl.Cr. 1986), cert. denied, 479 U.S. 956, 107 S.Ct. 447, 93 L.Ed.2d 395 (1986); Master v. State, 702 P.2d 375 (Okl.Cr. 1985); Murray v. State, 528 P.2d 739 (Okl.Cr. 1974). The issue is neither whether defendants disagree about facts nor whether one defendant claims the other should bear greater responsibility. Conflicting defenses or cases in which both defendants admit to presence and some participation in the crimes do not require severance; Lafevers, supra, 819 P.2d at 1366, specifically distinguishes its holding from felony-murder cases which have no element of intent or malice. But cf. Zafiro v. U.S., ___ U.S. ___, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993) (under federal rules, mutually antagonistic defenses do not require severance absent a serious risk that defendant's specific trial right is compromised or that the jury would be prevented from making a reliable judgment as to guilt or innocence).

Peremptory challenges are not constitutionally guaranteed and are subject to limitation in their exercise, Stilson v. U.S., 250 U.S. 583, 40 S.Ct. 28, 63 L.Ed. 1154 (1919); see also Ross v. Oklahoma, 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d. 80 (1988). Title 22 O.S. 1981, § 655 requires codefendants to join in peremptory challenges unless the defenses are inconsistent. Neill v. State, supra, 827 P.2d at 891, separates "inconsistent" defenses under 22 O.S. 1981, § 655 into two categories, and holds that inconsistent defenses which go to guilt or innocence require separate peremptories, but where inconsistency goes to culpability defendants may be required to share peremptory challenges. Accord Wilhite v. State, 701 P.2d 774 (Okl.Cr. 1985). Master v. State, 702 P.2d 375 (Okl.Cr. 1985). I believe that the Neill definition should be discarded and inconsistent defenses held to exist if both defenses cannot be true, or if one co-defendant disproves or disparages the defense of the other to prove his defense. However, Neill represents this court's majority view. As Fowler and his codefendant each inculpated himself of felony murder and sought to place greater responsibility on the other, the defenses were neither mutually antagonistic nor inconsistent under Oklahoma law. The opinions in Fowler and Fox are well-reasoned, within the applicable case law, and unexceptionable.
[3] In support of his collateral attack, Fowler cites Oklahoma cases on juror incompetence which affirm the principle that a defendant has a right to an impartial and competent jury. Most of these cases involve juror intoxication or illness. The general dispositive question in these cases is whether a juror is incapacitated or unable to perform his or her duty and whether the alleged incompetence prejudiced the defendant, e.g. Laudermilk v. State, 494 P.2d 341 (Okl.Cr. 1972). Fowler also asserts a right to an impartial and competent tribunal under Tanner v. U.S., 483 U.S. 107, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987). Although unpersuasive, Fowler contends that judges as well as jurors can be challenged for unsound mind. In fact, the jury cases could support an argument that such a challenge is beyond the permissible range of inquiry. Jury competence case law has allowed inquiry into "external" influences on the jury, but prohibits admission of juror testimony where the question is "internal"; juror mental incompetence is considered an internal influence and an impermissible subject for inquiry. Tanner, 483 U.S. at 117-120, 107 S.Ct. at 2745-48.

Additionally, Fowler maintains that judicial incompetence issues should receive the same analysis and treatment as questions of judicial bias or prejudice as discussed in Aetna Life Ins. v. Lavoie, 475 U.S. 813, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986). In Aetna, an Alabama Supreme Court justice authored a 5-4 opinion allowing a $3.5 million punitive damage award for a badfaith refusal-to-pay claim against an insurer. At the same time, the justice was plaintiff in a class action against an insurer and had a separate suit pending against an insurer, both grounded on bad-faith refusal-to-pay claims. After the Alabama court issued the opinion, the class action suit settled and the justice received $30,000. The Supreme Court vacated the judgment, said the justice "acted as a judge in his own case" and should have been disqualified. Aetna, supra, 475 U.S. at 822, 106 S.Ct. at 1586. The Supreme Court held that the justice's opinion clearly and immediately advanced his own legal status, he knowingly held a pecuniary interest in the outcome, he possessed a leading role in the decision, his opinion did not merely apply well-established law, and that earlier decisions did not compel its conclusion. Aetna considers only bias and prejudice and is clearly distinguishable from Fowler's claims. While Fowler points to the discussion of the justice's leading role and the dangers which arise when a biased judge has the opportunity to influence a court, he fails to explain why Aetna's holding on actual judicial interest should apply to allegations of judicial incompetency, where no bias, prejudice, or interest exists. Aetna does not address this issue explicitly, by implication, or by analogy. Fowler offers no other authority which suggests this Court should consider his second proposition or error.
[4] Assertions of judicial incompetence are distinguishable from instances of judicial bias or prejudice. In Oklahoma, a judicial officer may be removed from office for acts enumerated in the Constitution and statutes of the state of Oklahoma, Oklahoma Constitution Art. VII-A § 1(b), 20 O.S. 1981, § 1404; incompetence to perform the duties of the office is grounds only for compulsory retirement, Oklahoma Constitution Art. VII-A § 1(c). In addition, no issue of judicial bias or prejudice has been presented in this case and we do not decide the propriety of such an assertion in this decision.
[5] See Footnote 2 above.
[6] Fowler was handed down on August 30, 1989. On April 7, 1990, a differently constituted Court denied Fowler's Motion to Recall Mandates, which raised the issue of severance and mutually antagonistic defenses. This Court found by order that Fowler and Fox did not have mutually antagonistic defenses. In effect, Fowler had two full and fair appellate reviews of these issues prior to this appeal. Our review in connection with this matter (as set forth in footnote 2) constitutes a third examination of these issues. We do not intend to review these issues again.
[7] Fowler acknowledges that this proposition is barred by res judicata, but argues that recent Supreme Court cases require this court to review the issue. The cases cited concern jury instructions and aggravating circumstances and do not support Fowler's argument. Stringer v. Black, ___ U.S. ___, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992); Sochor v. Florida, ___ U.S. ___, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992).