Gerardo **VALDEZ**, Petitioner,

v.

The **STATE** of Oklahoma, Respondent.

No. PC–96–788.

Court of Criminal Appeals of Oklahoma.

Feb. 28, 1997.

Robert Wade Jackson, Oklahoma Indigent Defense System, Norman, for Petitioner.

### ORDER DENYING ORIGINAL APPLICATION FOR POST-CONVICTION RELIEF

CHAPEL, Presiding Judge:

Gerardo Valdez was tried by a jury and convicted of First Degree Malice Aforethought Murder in violation of 21 O.S.Supp. 1982, § 701.7(A), in Grady County District Court Case No. CRF–89–139. In accordance

with the jury's recommendation, the Honorable James R. Winchester sentenced Valdez to death. Valdez appealed his judgment and sentence to this Court and we affirmed.[1] The United States Supreme Court then denied his petition for certiorari.[2]

In accordance with the recent amendments to the Uniform Post–Conviction Procedure Act, Valdez on July 1, 1996, filed his Original Application for Post-conviction Relief in this Court.[3] In a preliminary complaint, Valdez attacks the constitutionality of Oklahoma's amended capital post-conviction review statute. He argues that the new scheme, both on its face and as applied, denies him due process, equal and adequate access to the courts, and violates the Ex post-facto Clause. We recently considered and rejected this constitutional attack upon Oklahoma's current capital post-conviction procedure.[4] Accordingly, Valdez's preliminary complaint is denied.

Citing *Cooper v. Oklahoma*,[5] Valdez claims in his first proposition that he was adjudged competent to stand trial under a statutory scheme which imposed upon criminal defendants an unconstitutionally stringent burden of proof. Because Valdez failed to attack this burden of proof on direct appeal, he has waived the issue unless he can demonstrate that the legal grounds supporting it were "unavailable" at that time.[6] Under section 1089, an issue "could not have been raised" by or was "unavailable" to his direct appeal counsel if it (a) "was not recognized by or could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before [the] date [Valdez's direct appeal brief was due]," or (b) "is a new rule of constitutional law that was given retroactive effect by the United States Supreme Court or a court of appellate juris-

---

1. *Valdez v. State*, 900 P.2d 363 (Okl.Cr.1995).

2. *Valdez v. Oklahoma*, —— U.S. ——, 116 S.Ct. 425, 133 L.Ed.2d 341 (1995).

3. 22 O.S.Supp.1995, § 1089(D)(1)

4. *See Hatch v. State*, 924 P.2d 284, 292 (Okl.Cr. 1996). *See also Mitchell v. State*, 934 P.2d 346 (Okl.Cr.1997).

5. —— U.S. ——, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996).

6. 22 O.S.Supp.1995, § 1089(D)(9)(a) & (b).

diction of this state...."[7] In *Walker v. State*,[8] this Court held that the *Cooper* decision was based upon long established, well recognized legal principles, and that it was not a "new" rule of constitutional law.[9] Accordingly, *Cooper* claims omitted on direct appeal—such as the one Valdez has raised are waived.

■ Valdez argues at the close of his first proposition that his direct appeal attorney was ineffective for failing to raise and thus waiving the *Cooper* issue. The new capital post-conviction statute sets forth the procedure this Court must follow in determining whether an otherwise procedurally barred substantive claim may be reviewed on the merits. In the context of an ineffective assistance of appellate counsel allegation, an allegedly mishandled claim "could not have been previously raised" and thus will not be procedurally barred if

> it is a claim contained in an original timely application for post-conviction relief relating to ineffective assistance of appellate counsel and the Court of Criminal Appeals first finds that if the allegations [of ineffectiveness] were true, the performance of appellate counsel constitutes the denial of reasonably competent assistance of appellate counsel under prevailing professional norms.[10]

If this Court initially determines that appellate counsel was ineffective, we "may [then] consider the claim [appellate counsel allegedly mishandled] during the post-conviction proceeding or, if appropriate, during the direct appeal."[11]

■ According to these guidelines, the threshold inquiry in assessing an ineffective assistance of appellate counsel claim is (1) whether appellate counsel actually committed the act which gave rise to the ineffective assistance allegation. If a petitioner establishes that his or her appellate counsel actually did the thing supporting the allegation of ineffectiveness, the next question is (2) whether such performance was deficient under the first prong of the two-pronged test in *Strickland v. Washington*.[12] Because proving attorney ineffectiveness is no easy task, the burden is on capital post-conviction petitioners to set forth sufficient facts and law to enable this Court to fully assess appellate counsel's allegedly deficient performance. If a petitioner meets his or her heavy burden to prove deficient attorney performance, we may then consider the mishandled substantive claim. The question then becomes (3) whether such a claim meets the second prerequisite to capital post-conviction review.[13]

■ Our threshold inquiry is whether Valdez's direct appeal attorney actually committed the act which gave rise to the ineffective

7. *Id.* Under the previous capital post-conviction statutes, we could have applied the Supreme Court's decision in *Cooper* to this collateral appeal on the ground that the decision constituted an intervening change in the law. *See Rojem v. State*, 829 P.2d 683, 684 (Okl.Cr.1992) (post-conviction claims which are based upon intervening changes in constitutional law and which impact judgment or sentence will not be procedurally barred); *James v. State*, 818 P.2d 918, 920 (Okl.Cr.1991) (post-conviction claims based upon intervening change in law which did not exist at time of previous appeals will not be procedurally barred). *See also* 22 O.S.1991, § 1086. However, through the amendments set forth in section 1089(D)(9)(a) & (b), the legislature has greatly circumscribed this Court's power to apply intervening changes in the law to capital post-conviction applicants. *Compare Teague v. Lane*, 489 U.S. 288, 309, 109 S.Ct. 1060, 1074, 103 L.Ed.2d 334 (1989) ("Application of constitutional rules not in existence at the time a conviction became final seriously under-

mines the principle of finality which is essential to the operation of our criminal justice system. Without finality, the criminal law is deprived of much of its deterrent effect.").

8. 933 P.2d 327 (Okl.Cr.1997).

9. *Id.*

10. 22 O.S.Supp.1995, § 1089(D)(4)(b)(2).

11. *Id.*

12. 466 U.S. 668, 677–78, 104 S.Ct. 2052, 2059, 80 L.Ed.2d 674 (1984). The second "prejudice" prong is not applied at this juncture.

13. 22 O.S.Supp.1995, § 1089(C)(2) (the claim must support a conclusion "either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent."). Once the claim is deemed properly raised, this Court would then determine if relief is warranted.

assistance allegation.[14] Because the record reveals that Valdez's direct appeal attorney did not raise a *Cooper* claim, Valdez has met this initial requirement and we proceed to the next level of inquiry, which is whether Valdez's direct appeal attorney's omission constituted deficient performance. Valdez presents no facts specifically supporting his allegation that his direct appeal attorney was ineffective for omitting the *Cooper* issue, but instead reasons that an attorney who fails to raise a potentially meritorious appellate argument is always ineffective. "[S]uch a conclusory allegation, standing alone, will never support a finding that an attorney's performance was deficient."[15] This allegation and proposition one are denied.

In his second and final proposition, Valdez argues that the trial court administered an insanity instruction[16] which violated his Fourteenth Amendment rights. Valdez did not raise this issue on direct appeal and has not established that it was at that time either factually or legally "unavailable."[17] He can thus avoid waiver only by raising an ineffective assistance of trial or appellate counsel allegation which meets the requirements of section 1089(D)(4)(b)(1) or (2).

■ While Valdez does raise claims of both ineffective assistance of trial and appellate counsel regarding the waiver of his insanity instruction argument, he has failed to set forth facts sufficient to support either one. First, the determination of his ineffective assistance of *trial* counsel claim does *not* require fact finding outside the direct appeal record.[18] At issue is whether trial counsel was ineffective for failing to object to the uniform instruction defining insanity on the grounds that it does not accurately state the M'Naghten rule.[19] A review of the facts contained in the direct appeal record determines the merits of this allegation of ineffectiveness. The record reflects that counsel

properly acquiesced in the administering of the accurate and appropriate uniform instruction.

■ For his ineffective assistance of *appellate* counsel allegation, Valdez simply asserts that his appeal attorney performed deficiently in failing to attack trial counsel's ineffectiveness on the insanity instruction issue. While Valdez's direct appeal attorney did not in fact attack trial counsel's performance on this ground, Valdez has failed to establish that such omission constituted deficient performance, instead once again mistakenly theorizing that an attorney who omits a potentially meritorious claim is always ineffective. We cannot and will not find an attorney ineffective on this basis alone. This allegation and proposition two are denied.

After carefully reviewing Valdez's post-conviction application, we conclude that there exist no controverted, previously unresolved factual issues material to the legality of Valdez's confinement, that Valdez could have previously raised his collaterally asserted grounds for review, and that the current post-conviction statutes warrant no relief.[20] Accordingly, Valdez's Original Application for Post–Conviction Relief is **DENIED**.

STRUBHAR, V.P.J., and JOHNSON, J., concur.

LUMPKIN, J., concurs in result.

LANE, J., dissents.

LUMPKIN, Judge: concur in result:

I concur, based on *stare decisis*, in the discussion dealing with ineffective counsel. *See Walker v. State*, 933 P.2d 327, 341–43 (Okl.Cr.1997) (Lumpkin, J., concur in results). I also write separately to further discuss briefly the so-called first "prong" of

---

**14.** *Walker*, 933 P.2d at 333.

**15.** *Id.* at 334.

**16.** The instruction was verbatim OUJI–CR 729.

**17.** 22 O.S.Supp.1995, §§ 1089(C)(1), and (D)(9)(a) & (b).

**18.** 22 O.S.Supp.1995, § 1089(D)(4)(b)(1).

**19.** We note that the particular instruction at issue, OUJI–CR 729, has recently withstood a similar constitutional attack. *See Duckett v. State*, 919 P.2d 7, 17 (Okl.Cr.1995).

**20.** 22 O.S.Supp.1995, § 1089(D)(4)(a)(1), (2) & (3).

the test this Court uses for ineffective counsel in post-conviction proceedings.

This case, together with the other cases applying the *Walker* methodology, graphically illustrates the point I made in *Walker*. Simply requiring a petitioner show "appellate counsel actually committed the act which gave rise to the ineffective assistance allegation," *Walker* at 333, is in reality—at least on the surface—no requirement at all, and does nothing to differentiate one case from another. As I do not believe this Court actually committed time and resources toward the formulation of a test the first part of which is essentially worthless, I must conclude there is more to this first "prong" than meets the eye. There must be more of a requirement to satisfy the prong than merely allowing post-conviction counsel to raise it in the brief.[1] For instance, the prong would have more meaning if a petitioner were required to show, in connection with the ineffective counsel allegation, that some objective factor external to the defense prevented counsel from raising the claim in the direct appeal or in a timely motion for new trial. *See*, e.g., *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

I need not get into an extensive discussion at this point. Suffice it to say here that, as more cases are presented to this Court, it may become necessary to elucidate with more precision exactly what requirements must be met to satisfy the first prong of this new test.

LANE, Judge: dissents.

I dissent and would remand this case to the trial court for a proper determination of competency for the same reasons I dissented in *Walker v. State*, 933 P.2d 327, 344 (Okl.Cr. 1997).

---

1. We require citation of authority and specific references to the record to successfully raise an issue on appeal in all other cases or it is waived. The same should be required here.