**Cyril Wayne ELLIS, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. PC–95–786.**

Court of Criminal Appeals of Oklahoma.

June 25, 1997.

Janet Chesley, Oklahoma Indigent Defense System, Capital Post Conviction, Norman, for Petitioner.

W.A. Drew Edmondson, Attorney General of Oklahoma and Sandra D. Howard, Assistant Attorney General, Oklahoma City, for Respondent.

### *OPINION DENYING POST–CONVICTION RELIEF*

JOHNSON, Judge:

Petitioner, Cyril Wayne Ellis, was convicted of the murders of Carl Lake, James Rider and Teresa Thomas and sentenced to three death sentences. Petitioner was also convicted of four (4) counts of shooting with intent to kill and received sentences of 3,000 years, 2,000 years, 1,000 years and 1,000 years.

This Court upheld the finding of two aggravating circumstances: 1) that Petitioner knowingly created a great risk of death to more than one person; and 2) that there existed a probability that Petitioner would commit criminal acts of violence that would constitute a continuing threat to society.

Petitioner's conviction and sentence were affirmed by this Court on July 24, 1992, and reported at *Ellis v. State*, 867 P.2d 1289 (Okl.Cr.1992). Rehearing was denied January 26, 1994. The United States Supreme Court subsequently denied certiorari review. *Ellis v. Oklahoma*, 513 U.S. 863, 115 S.Ct. 178, 130 L.Ed.2d 113 (1994).

Petitioner filed an application for post-conviction relief in the District Court of Oklahoma County on March 2, 1995, which was denied on April 28, 1995. It is from this denial that Petitioner appeals.

 Petitioner is asking this Court to review the validity of his conviction and sentence. He raises fourteen (14) propositions of error. Post-conviction review is intended to be a very limited inquiry. The Post–Conviction Procedure Act outlines procedures for a defendant to challenge a conviction and sentence after relief has been denied on direct appeal. 22 O.S.1991, §§ 1080 *et seq.* However, the Act is not intended to provide a second or even a third appeal. *Stiles v. State*, 902 P.2d 1104, 1105 (Okl.Cr. 1995), *cert. dismissed* — U.S. ——, 116 S.Ct. 1257, 134 L.Ed.2d 206 (1996). *See also Castro v. State*, 880 P.2d 387, 388 (Okl.Cr. 1994), *cert. denied* 514 U.S. 1024, 115 S.Ct. 1375, 131 L.Ed.2d 229 (1995). Consequently, issues which were raised and decided on direct appeal are barred by *res judicata. Castro*, 880 P.2d at 388; *Fowler v. State*, 873 P.2d 1053, 1056 (Okl.Cr.), *cert. denied*, 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994). Issues which could have been raised on direct appeal but were not are waived. *Castro*, 880 P.2d at 388; *Fowler*, 873 P.2d at 1055–56. Because we find that eleven (11) of Petitioner's fourteen (14) propositions of error were either waived, barred under the doctrine of *res judicata* or meritless they will not be addressed here.[1]

1. The following propositions of error in support of Petitioner's appeal have been waived:

V. Reversible error occurred under the Eighth and Fourteenth Amendments when the prosecution presented unadjudicated offenses allegedly committed by Mr. Ellis to support the continuing threat aggravator.

VII. Oklahoma's capital sentencing scheme does not meet constitutional standards because it does not narrow the class of persons eligible for the death sentence, and allows the sentencer to impose death on anyone found guilty of murder in the first degree. This procedure violates the Eighth and Fourteenth Amendments to the United States Constitution and Article II, Sections 7 & 9 of the Oklahoma Constitution.

XI. The State of Oklahoma's policy of systematic underpayment of defense experts and systematic withholding of funds necessary to retain a mitigation expert and defend a case deprived Cyril Ellis of his right to due process and equal protection under the United States Constitution's Fourteenth Amendment and his Eighth Amendment right to fair treatment when being exposed to the possibility of the death penalty. Because the underfunding had a direct impact on Mr. Ellis' case, relief should be granted.

The following propositions of error in support of Petitioner's appeal are barred by *res judicata.*

IV. Because trial counsel failed to seek the assistance of a mental health professional Mr. Ellis did not receive this vital assistance in preparing his defense; Mr. Ellis was deprived of his rights to due process of law, a fair trial, and to be free from cruel and unusual punishment under the constitutions of the United Sates and the State of Oklahoma.

VI. The trial court erred in refusing to allow evidence of parole practices to be considered by the sentencing jury.

VIII. Oklahoma's death penalty statutes are unconstitutional under the Oklahoma Constitution; failure of Oklahoma to abide by its constitutional commands implicates a liberty interest protected by the Fourteenth Amendment of the United States Constitution.

IX. Other developments in criminal jurisprudence and scientific analysis of the death penalty establishes that the death penalty, in general and as applied to Mr. Ellis, is cruel and unusual in violation of the Eighth and Fourteenth Amendments to the United States Constitution and similar provisions of the Oklahoma Constitution.

X. The misapplication of 21 O.S., § 701.11, violates the Fourteenth Amendment to the Constitution of the United States.

The following propositions of error in support of Petitioner's appeal have been found to have no merit:

XII. The district court erred in refusing to consider certain issues; the refusal to consider those issues violated specific provisions of the Post–Conviction Procedure Act and denied Mr. Ellis due process and the protection against cruel and unusual punishment that is guaran-

In his third proposition of error, Petitioner asserts that the court gave an insanity instruction that was fundamentally defective in violation of Oklahoma law and denied him a fair trial. We begin with a review of the procedural history of this issue. No objection was made to the insanity instruction at the time of trial, nor was the issue raised on direct appeal. A Petition for Rehearing was filed with this Court and while under consideration, this Court decided *Johnson v. State,* 841 P.2d 595 (Okl.Cr.1992). Based upon *Johnson,* Petitioner filed a motion to amend the petition for rehearing to add the improper instruction claim.[2] This Court denied the motion to amend on December 22, 1992, and did not address this issue in the Opinion on Rehearing. *Ellis,* 867 P.2d at 1305–1307.

Our applicable rule at the time of Petitioner's direct appeal read:

A. A petition for rehearing shall not be filed, as a matter of course, but only for the following reasons:

(1) That some question decisive of the case and duly submitted by the attorney of record has been overlooked by the Court, or

(2) That this decision is in conflict with an express statute or controlling decision to which the attention of this Court was not called either in the brief or in oral argument.

Rule 3.14, 22 O.S.1991, Ch. 18, App. *Rules of the Court of Criminal Appeals.*

■ We find that neither subsection (1), nor subsection (2) was applicable in the instant case. The issue was not even raised on direct appeal; therefore, there can be no conflict *per se.* Further, if one could not (under then-existing rules) raise a *new* issue in a supplemental brief, one clearly could not raise a *new* issue in a petition for rehearing. Accordingly, the Court acted properly when it declined to address the issue on rehearing.

■ Likewise, the issue is not properly before the Court on post-conviction.[3] The alleged error here was one which could have been ascertained from previous caselaw. Therefore, failure to raise the issue waived the allegation of error in collateral proceedings.

■ However, while this issue is technically barred from review, it has been preserved under the rubric of ineffective assistance of counsel. To support a finding of ineffective assistance of counsel, *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) requires that the defendant show that counsel's performance was deficient by showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. *Id.* at 687, 104 S.Ct. at 2064. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable. *Id.*

■ With respect to deficient performance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* The *Strickland* Court goes on to state that more specific guidelines are not appropriate and that the Sixth Amendment refers simply to "counsel," not specifying particular requirements of ef-

teed by the Federal and Oklahoma Constitutions.
XIII. The district court erred in denying Cyril Ellis' request for an evidentiary hearing.
XIV. The cumulative effect of the errors occurring at trial and on appeal mandate that this case be remanded for a new trial or that the death sentence be modified to life imprisonment or that the case be remanded for a new sentencing procedure.

2. In *Johnson,* we determined that an insanity instruction was error where the jury was instructed to find both prongs of the *M'Naghten* test were satisfied before determining that the defendant was insane. The defective instruction in *Johnson* was the same as the instruction given in Petitioner's case. The *Johnson* Court explained that the two separate prongs of the *M'Naghten* test for insanity establish two separate and distinct ways a defendant may be determined legally insane. The Court held that an instruction joining these two methods with the conjunction "and" instead of "or" was critical error requiring a new trial.

3. Our caselaw is clear that even if an issue otherwise meets the statutory requirements of section 1080, we will not consider it if it could have been raised before and was not.

fective assistance. *Id.* The Court states that the standard for measuring attorney performance is "reasonableness under prevailing professional norms." *Id.* at 688, 104 S.Ct. at 2065. We find that under the prevailing caselaw at the time of Petitioner's trial and appeal, that both trial and appellate counsel performed adequately. Counsel's assistance was reasonable considering all the circumstances and Petitioner received a fair trial. *Id.*

■■■ We are guided by the *Strickland* Court to be highly deferential when exercising judicial scrutiny of counsel's performance:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.... At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id.* at 690, 104 S.Ct. at 2066.

Furthermore, this Court has recently addressed this very issue regarding deficient performance with respect to failure to object to a defective insanity instruction. *See Valdez v. State*, 933 P.2d 931, 934 (Okl.Cr.1997). As in the instant case, Valdez argued that the trial court administered an insanity instruction which violated his constitutional rights. Similarly, Valdez did not object at trial, nor did he raise the issue on direct appeal. The issue was first raised in his Application for Post–Conviction Relief. Like the case here, Valdez raised the dual attack of ineffective assistance of trial and/or appellate counsel allegation in an attempt to avoid waiver of this issue.

■■■ We apply the same analysis in the instant matter as was applied in *Valdez.*[4] Ellis raises claims of both ineffective trial and appellate counsel regarding the waiver of

the defective insanity instruction allegation. However, as in *Valdez*, he has failed to set forth facts sufficient to support either one. *Id.* Ellis argues that trial counsel was ineffective for failing to object to the uniform instruction defining insanity on the grounds that it does not accurately state the M'Naghten rule. We find that the record reflects that counsel properly acquiesced in the administering of the then appropriate uniform instruction. Therefore, we find no merit to an allegation of deficient performance on the part of trial counsel.

■■■ Next, Petitioner argues that appellate counsel was ineffective for failing to raise the issue on direct appeal. Petitioner baldly asserts that his counsel on appeal performed deficiently by failing to raise trial counsel's ineffectiveness with respect to this issue. Even though appellate counsel did fail to timely raise this on direct appeal, Petitioner has not established that such omission, without more, constituted deficient performance. Failure to raise a meritorious claim, in and of itself, does not constitute deficient performance. We reiterate that "[w]e cannot and will not find an attorney ineffective on this basis alone." *Id.* Any allegation of deficient performance must set forth facts sufficient to support it. Accordingly, this proposition is denied.

### DECISION

The Judgment and Sentence of the trial court is **AFFIRMED.**

CHAPEL, P.J., and LANE, J., concur in results.

STRUBHAR, V.P.J., concurs.

LUMPKIN, J., specially concurs.

LUMPKIN, Judge, specially concurring.

I have reviewed Petitioner's application, together with the argument and authority provided. In accordance with the criteria set

---

**4.** We are aware that the post-conviction application in *Valdez* was reviewed in accordance with the recent amendments to the Uniform Post–Conviction Procedure Act. 22 O.S.Supp.1995, § 1089(D)(1). The case at bar was filed prior to these amendments and is being reviewed under the old act. Nonetheless, the analysis of deficient performance within an allegation of ineffective assistance of trial or appellate counsel remains the same and may properly be applied here.

out in *Braun v. State*, 937 P.2d 505, 514 (Okl.1997), I concur with the Court's decision that counsel's performance was not deficient and the underlying substantive claims sought to be raised by petitioner are procedurally barred.

In addition, it should be noted the criteria set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for evaluating effectiveness of counsel has been further explained in *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Applying the *Lockhart* standard, the record is void of any evidence the trial was rendered unfair and the verdict rendered suspect or unreliable.