2000 OK CR 18

Cyril Wayne ELLIS, Petitioner,

v.

Ron WARD, Warden, Oklahoma State Penitentiary, Respondent.

No. CIV–97–1386–R.

Court of Criminal Appeals of Oklahoma.

Oct. 10, 2000.

### ORDER ANSWERING CERTIFIED QUESTION OF LAW

¶ 1 The Honorable David L. Russell, Chief Judge for the United States District Court for the Western District of Oklahoma, has certified the following question pursuant to the Revised Uniform Certification of Questions of Law Act, 20 O.S.Supp.1997, §§ 1601–1611:

> Does the court's holding in *Johnson v. State of Oklahoma,* 841 P.2d 595 (Okla. Crim.App.1992), that the use of the conjunctive word "and" rather than the disjunctive word "or" in an instruction defining the M'Naghten test for insanity in a first-degree murder trial constitutes fundamental error requiring reversal, apply in a case where there is insufficient evidence to permit a reasonable jury to find the defendant to be insane under the M'Naghten test?

Accompanying the certified question is the following statement of facts relevant to the certified question:

The Petitioner, Cyril Wayne Ellis, was convicted of three counts of Murder in the First Degree, and four counts of Shooting with Intent to Kill. At trial the Petitioner raised the defense of insanity. The Petitioner offered some evidence at trial tending to show that he may have suffered from some form of mental illness or emotional distress around the time of the crimes, but none of the Petitioner's evidence shows that he did not know the nature and consequences of his acts or that he was unable to distinguish between right and wrong. [footnote omitted] To the contrary, there is a wealth of evidence to show both premeditation and planning on the part of the Petitioner.

¶ 2 **QUESTION ANSWERED:** Utilizing the facts submitted by Judge Russell, we find the giving of the instruction defining the M'Naghten test for insanity in the conjunctive rather than the disjunctive which was found to constitute reversible error in *Johnson v. State*, 1992 OK CR 71, ¶ 5, 841 P.2d 595, 596, does not require reversal in a case where no reasonable jury could find the defendant insane under the instruction appropriately defining the M'Naghten test.

¶ 3 Although no mention of harmless error analysis was made in *Johnson*, we believe such an analysis is appropriate. Even constitutional errors are subject to the doctrine of harmless error. For a constitutional error to be deemed harmless, the court must find beyond a reasonable doubt that it did not contribute to the jury's verdict. *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). The burden is upon the State to show the error was harmless. *See Van White v. State*, 1999 OK CR 10, ¶ 32, 990 P.2d 253, 265.

¶ 4 We apply harmless error analysis to claims relating to misinstruction of the jury. *See e.g. Flores v. State*, 1995 OK CR 9, ¶ 5, 896 P.2d 558, 560, *cert. denied*, 516 U.S. 1002, 116 S.Ct. 548, 133 L.Ed.2d 450 (1995) ("Even where error is committed, reversal is not required unless such error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right."); 20 O.S.1991, § 3001.1. The Supreme Court has held that the harmless error standard enunciated in *Chapman v. California* is applicable even to jury instructions which impermissibly shift the burden of proof on malice. *Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986); *see also Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 1833, 144 L.Ed.2d 35 (1999)(jury instruction omitting element of offense was error subject to harmless error analysis). Accordingly, we believe any error in the instruction defining the M'Naghten test for insanity in the conjunctive rather than the disjunctive is subject to harmless error analysis.

¶ 5 We affirmed Petitioner Ellis' convictions and sentences on direct appeal on July 24, 1992, several months before we decided *Johnson*. The issue relating to the M'Naghten instruction was not raised on direct appeal. Ellis filed a Petition for Rehearing on August 13, 1992. *Johnson* was decided on October 29, 1992. On November 23, 1992, Ellis moved to amend his Petition for Rehearing and the Motion was denied on the same date. We issued our Opinion on Rehearing on January 26, 1994. Therein, we did not consider the issue of the instruction defining the M'Naghten test for insanity in the conjunctive. The Supreme Court subsequently denied certiorari in *Ellis v. Oklahoma*, 513 U.S. 863, 115 S.Ct. 178, 130 L.Ed.2d 113 (1994).

¶ 6 In March of 1995, Petitioner Ellis filed an Application for Post–Conviction Relief in Oklahoma County District Court, pursuant to 22 O.S.1991, § 1080, *et. seq.* His Application was denied on April 28, 1995, and Petitioner appealed the denial of post-conviction relief to this Court. In his third proposition of error, Petitioner alleged the trial court gave an insanity instruction that was fundamentally defective in violation of Oklahoma law and denied him a fair trial. Addressing that claim, we noted that although Petitioner tried to raise the claim while his petition for rehearing was pending, we properly did not consider the claim on rehearing as it did not fall within either of the permissible grounds for rehearing set forth in Rule 3.14, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (1991). *Ellis*, 1997 OK CR 36, ¶¶ 6, 7, 941 P.2d 527, 530. This was a

legitimate reason for not addressing the claim on rehearing. *See e.g. White v. State,* 1995 OK CR 15, *Order Denying Rehearing* at ¶ 2, 900 P.2d 982, 995 and *Flores v. State,* 1995 OK CR 31, ¶ 1, 899 P.2d 1162, 1163 (setting forth the two reasons for filing petitions for rehearing).

¶ 7 We refused to consider the claim on the merits as "[t]he alleged error here was one which could have been ascertained from previous caselaw" and therefore failure to raise the issue on direct appeal waived the error for consideration in a post-conviction proceeding. *Ellis,* 1997 OK CR 36, ¶ 8, 941 P.2d at 530. Again, this was a proper application of the doctrine of procedural bar. "State procedural bars may preclude otherwise cognizable constitutional claims." *Le v. State,* 1998 OK CR 1, ¶ 8, 953 P.2d 52, 56, *cert. denied,* 524 U.S. 930, 118 S.Ct. 2329, 141 L.Ed.2d 702 (1998); *see also Coleman v. Thompson,* 501 U.S. 722, 730, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991). The decision in *Johnson* clearly could have been formulated prior to Ellis' direct appeal as our decision in *Pugh v. State,* 1989 OK CR 70, 781 P.2d 843, was settled law and *Pugh* reaffirmed this Court's recognition of both prongs of M'Naghten test.

¶ 8 *THEREFORE,* having considered the question presented and the statement of facts relevant to the certified question, we find that if a trial court gave the jury instruction defining insanity in the "conjunctive" rather than the "disjunctive" and this issue were raised on direct appeal and we were to decide the issue on the merits, the error would not require reversal where no reasonable jury could have found that the appellant did not know the nature and consequences of his acts or that he was unable to distinguish between right and wrong. In such a case, the application of the harmless error doctrine set forth in *Chapman v. California* would preclude relief, because the erroneous instruction could not have affected the jury's decision under the facts presented.

¶ 9 Petitioner's request for briefing and oral argument, filed in this Court on August 30, 2000, is hereby *DENIED*.

¶ 10 IT IS SO ORDERED.

¶ 11 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 10th day of October, 2000.

/s/ Reta M. Strubhar, Presiding Judge
RETA M. STRUBHAR, Presiding Judge
/s/ Gary L. Lumpkin, Vice Presiding Judge
GARY L. LUMPKIN, Vice Presiding Judge
/s/ Charles A. Johnson, Judge
CHARLES A. JOHNSON, Judge
/s/ Charles S. Chapel, Judge
CHARLES S. CHAPEL, Judge
/s/ Steve Lile, Judge
STEVE LILE, Judge